**Bufford McDONALD, Appellant,**

v.

**HOUSTON DAIRY and Kraft, Inc., Appellees.**

**No. 01–90–00615–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 1, 1991.

Bufford McDonald, pro se.

Frank Blazek, Walker Co. Dist. Atty., for appellees.

Before O'CONNOR, DUGGAN and MIRABAL, JJ.

## OPINION

O'CONNOR, Justice.

The sole issue in this case is whether the trial court abused its discretion when it dismissed as frivolous an indigent plaintiff's pro se tort claim.

Plaintiff, Bufford McDonald, is an inmate in the Institutional Division of the Texas Department of Justice. McDonald filed suit in forma pauperis and requested issuance of citation. McDonald's pleadings allege that Kraft, Inc. and Houston Dairy were grossly negligent in the preparation and distribution of milk, and that he became ill following its consumption. Without a hearing, the trial court denied McDonald's request for citation, found the suit was frivolous, and dismissed it with prejudice. TEX.CIV.PRAC. & REM.CODE ANN. § 13.001(a)(2) (Vernon Supp.1991). The trial court did not specify in the order why the suit was frivolous. We reverse.

■ A pro se plaintiff who files an affidavit of indigence with his suit is entitled to the issuance of citation. TEX.R.CIV.P. 145(1); *see also Downs v. Trevathan*, 783 S.W.2d 689, 690 (Tex.App.—Houston [1st Dist.] 1989) (orig. proceeding) (since 1988, indigents are entitled to have citation issued based solely on an affidavit of indigence filed with the suit). A pro se suit may be dismissed, however, if under section 13.001(a) of the Code, the trial court finds that (1) the allegation of poverty in the affidavit is false, or (2) the action is frivolous or malicious. TEX.CIV.PRAC. & REM.CODE ANN. § 13.001(a) (Vernon Supp. 1991). Here, the trial court stated in its

order that it dismissed the suit because it was frivolous.[1]

Section 13.001(b) of the Code lists three factors the trial court may consider in making its decision whether the action is frivolous: (1) Does the action realistically have only slight chance of ultimate success? (2) Does the claim have no arguable basis in law or in fact? (3) Is it clear that the party cannot prove a set of facts in support of the claim? TEX.CIV.PRAC. & REM.CODE ANN. § 13.001(b) (Vernon Supp.1991). Section 13.001(b) of the Code codifies the forma pauperis guidelines used by the federal courts under 28 U.S.C. § 1915(d) (1989). *Johnson v. Lynaugh,* 766 S.W.2d 393, 394 (Tex.App.–Tyler 1989) (*Johnson I*), *writ denied per curiam,* 796 S.W.2d 705 (Tex. 1990).

In *Johnson v. Lynaugh,* 796 S.W.2d 705, 706 (Tex.1990) (*Johnson II*), the Texas Supreme Court noted that of the three factors listed in section 13.001(b), the United States Supreme Court has said the proper factor is the one listed in our Code as section 13.001(b)(2), that the claim has no arguable basis in law or in fact. *See Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 1832–33, 104 L.Ed.2d 338 (1989). In affirming *Johnson I,* the Texas Supreme Court specifically discouraged reliance on § 13.-001(b)(1). *Johnson II,* 796 S.W.2d at 707. The Texas Supreme Court also discouraged reliance on § 13.001(b)(3), by noting that the Fifth Circuit has "cast doubt upon the appropriateness of dismissal" under the federal equivalent to our § 13.001(b)(3). *Johnson II,* 796 S.W.2d at 706; *see also Thompson v. West,* 804 S.W.2d 575, 577 (Tex.App.—Houston [14th Dist.] 1991, writ requested) ("[D]ismissal of a suit in forma pauperis suit under section 13.001(b)(3) may no longer be appropriate."); *Johnson v. Lynaugh,* 800 S.W.2d 936, 938 (Tex. App.—Houston [14th Dist.] 1991, writ granted) (*Johnson III*) (the proper factor to consider in dismissing an in forma pauperis suit is § 13.001(b)(2), not § 13.-001(b)(3)).

■ Thus, we must focus our inquiry on § 13.001(b)(2) and decide if McDonald's claim had any arguable basis in law or in fact. Here, the trial court did not state a reason for deciding the suit was frivolous. Because the trial court dismissed without a hearing, the court could not have determined that McDonald had no arguable basis in fact, which in most cases requires a fact hearing. That leaves us with one simple issue: Did McDonald have any arguable basis in law for filing his suit? If the answer is yes, we must order reinstatement; if no, we will affirm the dismissal.

Since *Jacob E. Decker & Sons, Inc., v. Capps,* 139 Tex. 609, 164 S.W.2d 828, 829 (1942), the ultimate consumer of defective food products has had a cause of action against the manufacturer. Since *McKisson v. Sales Affiliates, Inc.,* 416 S.W.2d 787, 789–90 (Tex.1967), the liability of a manufacturer to the ultimate consumer of its food products has rested on RESTATE-MENT (SECOND) OF TORTS § 402A (1965) and the Uniform Commercial Code. *Dennis v. Allison,* 698 S.W.2d 94, 95 (Tex.1985). The consumer of defective food products is not required to show privity of contract with the manufacturer. *Decker,* 164 S.W.2d at 833; *Campbell Soup Co. v. Ryan,* 328 S.W.2d 821, 822 (Tex.Civ.App.—Waco 1959, no writ).

The trial court has broad discretion to determine whether to dismiss a suit under section 13.001. *Johnson I,* 766 S.W.2d at 394; *see also Thompson,* 804 S.W.2d at 576. In this case, however, because we find McDonald has an arguable basis in law for filing his suit, we reverse and remand to the trial court. The issue of whether McDonald can prove his case is a question the trial court should leave to the fact finder.

---

1. In the case of an indigent plaintiff who files a suit that is frivolous or malicious, section 13.-001(c) of the Code permits the trial court to dismiss the suit even before service of process. TEX.CIV.PRAC. & REM.CODE ANN. § 13.001(c) (Vernon Supp.1991). Thus, if the suit was frivolous or malicious, the court could dismiss the suit without requiring the clerk to issue service of process.