Dan THOMAS, Appellant,

v.

Ronald J. HOLDER, Jr., Appellee.

No. 12–92–00033–CV.

Court of Appeals of Texas, Tyler.

Aug. 31, 1992.

Dan Thomas, pro se.

Ronald J. Holder, Jr., pro se.

PER CURIAM.

This is an appeal from the trial court's dismissal pursuant to TEX.CIV.PRAC. & REM. CODE § 13.001 of the Appellant's petition prior to service. Appellant is an inmate incarcerated in the Michael Unit of the Texas Department of Criminal Justice—Institutional Division. He is proceeding on the basis of an affidavit of inability to pay costs in this Court as he was below.

In his petition, Appellant alleged that "during the course of removing my restraints from my wrists, [the appellee] without provocation did violently jerk on the remaining restraints cuffed to my right wrist causing me pain, mental anquish [sic] and emotional distress.... I did nothing to justify it ... [Appellee's] actions were wantonlly [sic] done and in violation of clearly established law, in bad faith." He alleged that Appellee's actions were in violation of the eighth and fourteenth amendments to the United States Constitution, amounted to an assault and battery, negligent and intentional infliction of emotional distress under State tort law. He sought $500.00 as compensatory damages for his pain, suffering, mental anguish and emotional distress, and $500.00 in exemplary damages.

On the day after Appellant's petition was filed the trial judge signed an order dismissing the petition. Apart from the reference to TEX.CIV.PRAC. & REM.CODE § 13.001, the dismissal order does not state the basis for the dismissal. Section 13.001 states:

(a) A court in which an affidavit of inability to pay under Rule 145, Texas Rules of Civil Procedure, has been filed may dismiss the action on a finding that:

(1) the allegation of poverty in the affidavit is false; or

(2) the action is frivolous or malicious.

(b) In determining whether an action is frivolous or malicious, the court may consider whether:

(1) the action's realistic chance of success is slight;

(2) the claim has no arguable basis in law or in fact; or

(3) it is clear that the party cannot prove a set of facts in support of the claim.

In keeping with decisions of the United States Supreme Court, the Texas Supreme Court has suggested that the proper test for frivolousness is that contained in section 13.001(b)(2). *Johnson v. Lynaugh*, 796 S.W.2d 705, 706–07 (Tex.1990). A claim that has no legal basis is one based upon an "indisputably meritless legal theory." *Thompson v. Ereckson*, 814 S.W.2d 805, 807 (Tex.App.—Waco 1991, no writ) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989)). An example of factually baseless contentions is one arising out of fantastic or delusional scenarios. *Id.*

Appellant's petition is not based upon a patently fantastic or delusional set of facts, nor did the trial court hold a hearing. Thus, the trial court could not have dismissed on the basis that the claims had no arguable basis in fact. *See McDonald v. Houston Dairy*, 813 S.W.2d 238, 239 (Tex. App.—Houston [1st Dist.] 1991, no writ). That leaves one issue, to wit: whether Appellant's claims have any arguable basis in law.

■ In his first point of error, Appellant asserts that the trial court erred in dismissing his petition because he alleged a claim under 42 U.S.C. § 1983 for violation of his rights under the eighth amendment to the United States Constitution by the application of excessive force. The proper standard of review of a section 13.001 dismissal is whether the trial court abused its discretion, and not merely whether it erred. *Bir-*

*do v. DuBose,* 819 S.W.2d 212, 214 (Tex. App.—Waco 1991, no writ); *Johnson v. Lynaugh,* 766 S.W.2d 393 (Tex.App.—Tyler 1989), *writ denied,* 796 S.W.2d 705 (Tex. 1990).

██ The central inquiry when a prison official is accused of using excessive force, is whether the force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian,* —— U.S. ——, ——, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). The extent of injuries cannot provide a basis for dismissal of a section 1983 action. *Id.* —— U.S. at ——, 112 S.Ct. at 1000. Appellant, obviously having read the Supreme Court's message in *Hudson,* alleged that the force in this case was applied in bad faith, maliciously and sadistically, and that he did nothing to provoke the force. Appellant's pleading, without more development of the factual basis, is sufficient to negate an immunity claim by the Appellee. *See Birdo v. DuBose,* 819 S.W.2d at 215; *Carpenter v. Barner,* 797 S.W.2d 99, 101 (Tex.App.—Waco 1990, writ denied). As alleged, Appellant's section 1983 claim is not based upon an indisputably meritless legal theory. The trial court abused its discretion in dismissing the 1983 claim of an eighth amendment violation. The first point of error is sustained.

The second point of error raises the propriety of the dismissal of Appellant's state law tort claims. He believes that his petition alleged non-frivolous claims for assault and battery and for intentional infliction of emotional distress.

██ A civil assault is committed if a person knowingly, intentionally or recklessly causes bodily injury to another. *DeLeon v. Hernandez,* 814 S.W.2d 531, 533 (Tex. App.—Houston [14th Dist.] 1991, no writ). Appellant alleged that Appellee wantonly caused him pain. Appellant therefore, alleged a cause of action for assault and battery. As discussed under point number one, Appellant's allegations are sufficient to negate official immunity. Therefore we must conclude that the trial court's dismissal of Appellant's claim of assault and battery was an abuse of discretion. The point of error is sustained.

By our ruling herein we do not mean to convey any impression concerning the likelihood of Appellant's success on any of his claims. We merely hold that the trial court abused its discretion in dismissing at this time, before Appellee has even answered or any hearing has been held, the petition insofar as it alleges claims under 42 U.S.C. § 1983 and state law of assault and battery.

The judgment of the trial court is reversed.