CV2-255 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-255-CV





HERBERT W. HECTOR,



 APPELLANT


vs.





FRANK A. HOLBROOK AND FANCY H. JEZEK,



 APPELLEE


 




FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT



NO. 133,882--C, HONORABLE DON V. HAMMOND, JUDGE



 





PER CURIAM



 Herbert W. Hector appeals the trial court's judgment that dismissed his suit for
gross negligence against attorneys Frank A. Holbrook and Fancy H. Jezek, who represented him
in a criminal prosecution. (1) In three points of error, he contends that the trial court erred in: (1)
dismissing his cause on the basis of appellees' motion to dismiss; (2) failing to allow him to
amend his pleadings before dismissal; and (3) failing to furnish him with a copy of the statement
of facts from the hearing on the motion to dismiss. We will overrule all points of error and affirm
the trial court's judgment.

 Hector sued appellees, alleging gross negligence in their representation of him in
a criminal prosecution. (2) He filed an affidavit of inability to pay costs. Tex. R. Civ. P. 145. 
After filing an answer and answering interrogatories, appellees filed a motion to dismiss on the
basis that the suit was "frivolous and malicious." Tex. Civ. Prac. & Rem. Code Ann. § 13.001
(West Supp. 1993) (provisions concerning dismissal of an action filed under Rule 145). The trial
court, after a hearing, dismissed the suit on the basis that it was frivolous and malicious.

 We will begin with point three, because it affects the disposition of the other points
of error. Further, although Hector's arguments under points one and two are almost the same in
that he attacks the court's action in dismissing his suit without giving him an opportunity to amend
his pleadings, we will treat point two as attacking the failure to give him an opportunity to amend,
and point one as attacking the propriety of the dismissal on the basis stated in appellees' motion,
that his cause was frivolous and malicious.



Statement of Facts


 In point of error three, appellant complains that he was not furnished with a
statement of facts (3) from the hearing on the motion to dismiss and therefore was deprived of the
ability to prepare an effective appeal. Our records show that the statement of facts was prepared,
but untimely tendered to this court. Hector did not timely file a motion to extend time to file the
statement of facts. (4) Although he was proceeding pro se as an indigent, if there was a delay in the
preparation of the statement of facts, Hector still had the burden to file a motion for extension of
time in this Court. See Howell v. Dallas County Child Welfare Unit, 710 S.W.2d 729, 732 (Tex.
App.--Dallas 1986, writ ref'd n.r.e.), cert. denied, 481 U.S. 1018 (1987) (appellant responsible
for filing motion for extension of time to file statement of facts with court of appeals while
pauper's oath contest to determine eligibility for free statement of facts being decided).

 Had Hector filed a motion for extension of time to file the statement of facts, this
court would have had the power to grant extensions of time in order to allow him to have
reviewed the statement of facts before filing a brief. (5) Now, however, we have no authority to
consider the statement of facts. Tex. R. App. P. 54(a); Trans-Continental Properties, Ltd. v.
Taylor, 717 S.W.2d 890, 891 (Tex. 1986); B.D. Click Co. v. Safari Drilling Corp., 638 S.W.2d
860, 862 (Tex. 1982). Because the absence of a statement of facts will be dispositive of the
appeal, it would be a useless act to abate the appeal and allow rebriefing. We overrule point of
error three.



In Forma Pauperis Proceedings


 Points of error one and two challenge the dismissal of this cause. The trial court
dismissed this cause as frivolous and malicious under specific provisions for dealing with in forma
pauperis litigation. Tex. Civ. Prac. & Rem. Code Ann. § 13.001 (West Supp. 1993). The
concern with in forma pauperis proceedings is to balance access to courts regardless of ability to
pay with the problems generated by litigants against whom the usual economic constraints against
frivolous or harassing litigation may not be effective. Neitzke v. Williams, 490 U.S. 319, 324
(1989). This concern is particularly strong in suits by prisoners. Spellmon v. Sweeney, 819
S.W.2d 206, 209 (Tex. App.--Waco 1991, no writ).

 We review such a dismissal on an abuse of discretion standard. Id. at 211. An
appellate court may reverse a trial court for abuse of discretion only if, after searching the record,
it is clear that the decision was arbitrary and unreasonable. Simon v. York Crane & Rigging Co.,
739 S.W.2d 793, 795 (Tex. 1987). The party claiming abuse of discretion has the burden to bring
forth a record showing such abuse. See Englander Co. v. Kennedy, 428 S.W.2d 806, 807 (Tex.
1968). Absent such a record, the reviewing court presumes that the evidence before the trial
judge was adequate to support the decision. Simon, 739 S.W.2d at 795; Mays v. Pierce, 281
S.W.2d 79, 82 (Tex. 1955); Fort Bend County v. Texas Parks & Wildlife Comm'n, 818 S.W.2d
898, 900 (Tex. App.--Austin 1991, no writ).

 In point of error two, Hector complains that he should have been given the
opportunity to amend his pleadings before dismissal. He contends that appellees should have filed
special exceptions with the trial court, rather than a motion to dismiss, and if the exceptions were
granted he should been given the opportunity to amend his pleadings before the court dismissed
his cause. Texas Dep't of Corrections v. Herring, 513 S.W.2d 6, 10 (Tex. 1974). Dismissal
under the in forma pauperis provisions, however, may occur even before service of process. Tex.
Civ. Prac. & Rem. Code Ann. § 13.001(c)(West Supp. 1993); McDonald v. Houston Dairy, 813
S.W.2d 238, 239 n. 1 (Tex. App.--Houston [1st Dist.] 1991, no writ) (suit can be dismissed
without court requiring clerk to issue service of process). Logically, then, the suit may be
dismissed without special exceptions being made and an opportunity to amend. See Johnson v.
Peterson, 799 S.W.2d 345, 347 (Tex. App.--Houston [14th Dist.] 1990, no writ) (dismissal
provisions take priority over rule regarding special exceptions; not error to grant special
exceptions and motion to dismiss on same day without opportunity to amend). We overrule point
of error two.

 In point of error one, Hector contends that the court erred in dismissing his suit
based on appellees' motion to dismiss that asserted that Hector's suit was frivolous and malicious. 
Although section 13.001(b) sets out three factors to consider when dismissing an action as
frivolous, the Texas Supreme Court has suggested, based on its reading of United States Supreme
Court and Fifth Circuit cases interpreting the comparable federal provision, that the proper factor
to consider is whether the case has no arguable basis in law or fact. (6) Johnson v. Lynaugh, 796
S.W.2d 705 (Tex. 1990). In considering whether to dismiss an in forma pauperis suit, the trial
court has the power to "pierce the veil of the complaint's factual allegations and dismiss those
claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327.

 Several recent in forma pauperis cases have discussed dismissals based on the lack
of an arguable basis in law or in fact. In McDonald v. Houston Dairy, 813 S.W.2d at 238, a
prisoner sued food suppliers, alleging gross negligence in handling milk that resulted in his
illness. The trial court held no hearing and stated no reasons for dismissal in its judgment. The
appeals court held that in the absence of a hearing, the appellate court could not have made a
factual determination and therefore could not have dismissed the suit for having no arguable basis
in fact. Id. at 239. The court found that the suit had a basis in law because a consumer of
defective food products has a cause of action against their manufacturer and reversed the dismissal
and remanded the cause. Id.; accord Thomas v. Holder, 836 S.W.2d 351 (Tex. App.--Tyler 1992,
no writ) (prisoner's claim not based on patently fantastic or delusional set of facts; the court held
no hearing; therefore the court could not have dismissed the cause on the basis that the claims had
no arguable basis in fact; because petition had basis in law for federal civil rights claim and state
law assault and battery claim, it was an abuse of discretion to dismiss).

 In contrast, in Birdo v. Ament, 814 S.W.2d 808 (Tex. App.--Waco 1991, writ
denied), the appellate court sustained a dismissal. The prisoner claimed he received both physical
and mental injuries when he was burned by hot coffee served to him in a flimsy paper cup. The
appellate court said that the trial court could have "pierced the veil" of the petition's allegations
and concluded that they were of the type whose factual contentions were clearly baseless. Id. at
811; accord Thomas v. Texas Dep't Criminal Justice, Institutional Div., No. A14-92-00769-CV
(Tex. App.--Houston [14th Dist.] Feb. 4, 1993, n.w.h.) (prisoner sued, alleging injury from
negligent use of leg irons and a lock bar; not error to dismiss on ground of no arguable basis in
fact where complained of acts "common and necessary incidents" of the prison environment and
any injury beyond normal discomfort de minimis).

 We will assume that Hector's pleadings have a basis in law. The trial court in this
cause held a hearing on the motion to dismiss. In the absence of a statement of facts, we must
presume the omitted matter supported the court's judgment. Simon, 739 S.W.2d at 795; Fort
Bend County, 818 S.W.2d at 900. The court may have determined, based on evidence at the
hearing, that the suit had no basis in fact even if the pleadings did not reveal a patent lack of a
factual basis. See Birdo, 814 S.W.2d at 808; cf. Thomas, 836 S.W.2d at 351; McDonald, 813
S.W.2d at 238. Therefore, we cannot hold that dismissing the suit was an abuse of discretion. 
We overrule point of error one and affirm the judgment of the trial court.


[Before Jusitces Powers, Kidd and B. A. Smith]

Affirmed

Filed: April 21, 1993

[Do Not Publish]

1. [1]  Herbert W. Hector represented himself in this cause in the trial court and continues to
represent himself on appeal. Appellees Holbrook and Jezek represented themselves in the trial
court. Neither appellee has filed a brief. 
2. [2]  Hector was indicted for the attempted capital murder of his girlfriend and for the murder
of her seven-year-old child. The prosecution resulted in a guilty plea with a life sentence
recommendation on the murder charge, and a guilty plea with a twenty-year sentence
recommendation on a reduced charge of attempted murder; the sentences run concurrently.
3. [3]  Appellant refers to the "transcript" of the hearing. Because appellant is proceeding pro se,
we explain that the transcription of the events at the hearing is referred to as the "statement of
facts."
4. [4]  The judgment was signed April 6, 1992. The statement of facts was received in this court
October 2, 1992. The only document that we might deem a motion to extend time was filed July
7, 1992, well past the deadline. Further, that document, labeled, "Motion to Supplement the
Record," contained no explanation of the need for an extension. Tex. R. App. P. 54(d). The
time constraints for filing the statement of facts may not be avoided by substituting a "motion to
supplement the record." Riggs v. Tech/III, Inc., 836 S.W.2d 302, 303-04 (Tex. App.--Dallas
1992, no writ). Hector's brief was filed August 6, 1992.
5. [5]  Because the brief complains of the absence of the statement of facts and was filed before the
statement of facts was received in this court, we assume that the statement of facts was indeed not
available to Hector. Further, we note that a statement made by appellant as to the record may be
accepted by the court as correct unless challenged by the opposing party. Tex. R. App. P. 74(f).
6. [6]  The three factors set out in section 13.001(b) to determine whether an action is frivolous or
malicious are whether: (1) the realistic chance of success is slight; (2) the claim has no arguable
basis in law or in fact; or (3) it is clear that the party cannot prove a set of facts in support of the
claims. Tex. Civ. Prac. & Rem. Code Ann. § 13.001(b)(West Supp. 1993). Section 13.001
basically codifies various factors the federal courts have looked to in interpreting the comparable
federal in forma pauperis statute, 28 U.S.C. § 1915 (1988). Johnson v. Lynaugh, 766 S.W.2d
393, 394 (Tex. App.--Tyler 1989), writ denied per curiam, 796 S.W.2d 705 (Tex. 1990).