NO. 12-01-00049-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




JOHNNIE FINCH,
§
 APPEAL FROM THE 87TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


BILLIE WARREN AND

PAMELA KIRKPATRICK,
§
 ANDERSON COUNTY, TEXAS

APPELLEES






PER CURIAM


 Johnnie Finch ("Finch") appeals the trial court's decision to dismiss his pro se lawsuit under
section 13.001 of the Texas Civil Practice and Remedies Code. In his one issue, Finch contends that
the trial court abused its discretion by dismissing the case on the grounds that suit was barred by the
statute of limitations. We affirm.

 In February 29, 2000, Finch, an inmate, filed a pro se informa pauperis lawsuit against Billy
Warren and Pamela Kirkpatrick, employees of the Institutional Division of the Texas Department
of Criminal Justice, for tortious conversion of his personal property occurring in October of 1992.
The trial court, relying on Section 14.005 of the Texas Civil Practice and Remedies Code, dismissed
Finch's lawsuit because Finch had not filed it within thirty-one days of exhausting his administrative
remedies under the prison grievance system. See Tex. Civ. Prac. & Rem. Code Ann. § 14.005(b)
(Vernon Supp. 2001). Finch appealed, and this Court reversed and remanded the cause, holding that 
Section 14.005 was not applicable because Finch's cause of action had arisen before the effective
date of Chapter 14 of the Texas Civil Practice and Remedies Code. Finch v. Warren, et. al., No.
12-00-00184-CV (Tyler Dec. 28, 2000, no pet.) (not designated for publication). This Court ordered
that the trial court reconsider the matter under the law applicable at the time Finch's cause of action
accrued, Chapter 13 of the Texas Civil Practice and Remedies Code. 

 On February 1, 2001, the trial court dismissed Finch's cause of action as frivolous or
malicious pursuant to Section 13.001 of the Texas Civil Practice and Remedies Code because the
two-year statute of limitations had expired before the suit was filed. See Tex. Civ. Prac. & Rem.
Code Ann. §§ 13.001, 16.003(a) (Vernon Supp. 2001). Finch appeals, arguing that the trial court
abused its discretion by dismissing his lawsuit under Chapter 13.

 Section 13.001 provides that the court can dismiss as frivolous or malicious a cause in which
an affidavit of inability to pay court costs has been filed if the claim has no arguable basis in law or
in fact. See Tex. Civ. Prac. & Rem. Code Ann. § 13.001. When the trial court, as in the instant
case, dismisses a cause without a fact hearing, the trial court could not have determined that the suit
had no arguable basis in fact. See McDonald v. Houston Dairy, 813 S.W.2d 238, 239 (Tex. App.-
Houston [1st Dist.] 1991, no writ). Therefore, in such a case, the issue is whether the trial court
properly determined there was no arguable basis in law for the suit. Id.

 The standard of review of a section 13.001 dismissal is whether the trial court abused its
discretion. Berry v. Texas Dept. of Criminal Justice, 864 S.W.2d 578, 579 (Tex. App.- Tyler 1993,
no writ). The test for abuse of discretion is whether the trial court acted without reference to any
guiding rules and principles or whether the act was arbitrary and unreasonable. McDaniel v.
Yarbrough, 898 S.W.2d 251, 253 (Tex. 1995); Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 241-42 (Tex. 1985). A clear failure by a trial court to analyze or apply the law correctly is an
abuse of discretion. McDaniel, 898 S.W.2d at 253. Under section 13.001, a trial court abuses its
discretion if it dismisses a case that has an arguable basis in fact or law. Hector v. Thaler, 862
S.W.2d 176, 179 (Tex. App.- Houston [1st Dist.] 1993, no writ).

 Finch contends that his cause of action is not barred by limitations because another lawsuit
filed within the limitations period was pending until January of 2000, effectively tolling the statute
of limitations and preventing him from filing the instant suit. We are unpersuaded. First, there is
nothing in the record before us regarding the prior lawsuit other than Finch's own assertions in his
petition and in his brief that such suit was litigated. The burden is on an appellant to demonstrate
that the record supports his contentions and to make accurate references to the record to support his
complaints on appeal. Casteel-Diebolt v. Diebolt, 912 S.W.2d 302, 305 (Tex. App.- Houston [14th
Dist.] 1995, no writ); Brandon v. American Sterilizer Co., 880 S.W.2d 488, 493-94 (Tex. App.-
Austin 1994, no writ). Furthermore, under the facts as Finch alleges them, the statute of limitations
would not have been tolled. It is certainly true that where a person is prevented from exercising his
legal remedy by the pendency of legal proceedings, the time during which he is thus prevented
should not be counted against him in determining whether limitations have barred his right. Hughes
v. Mahaney & Higgins, 821 S.W.2d 154, 157 (Tex. 1991) (legal malpractice in an underlying
claim); see also Peterson v. Texas Commerce Bank-Austin, Nat. Ass'n, 844 S.W.2d 291, 294 (Tex.
App.- Austin 1992, no writ) (a bankruptcy stay). However, Finch concedes that the present lawsuit
arises out of the same tortious conduct complained of in the prior lawsuit. Rather than being
"prevented from exercising his legal remedy" by the prior suit, Finch was, in fact, "exercising his
legal remedy" by the prior suit. Therefore, we hold that the trial court did not abuse its discretion
by dismissing Finch's cause of action as frivolous and malicious under Chapter 13 because it was
barred by the statute of limitations. Finch's sole issue is overruled. 

 The judgment is affirmed.

Opinion delivered September 5, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.


















(DO NOT PUBLISH)