# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00217-CV

**Aurelio Carrasco Borjon, TDCJ #887132, Appellant**

**v.**

**Ted Potter and Associates, Joe Petronis, and Eddie Shell and Associates, Appellees**

### FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT
### NO. 221,672-C, HONORABLE RICK MORRIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Aurelio Carrasco Borjon, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division, appeals the order of the trial court dismissing his *pro se* petition against Ted Potter and Associates, Joe Petronis, and Eddie Shell and Associates ("Defendants"). Borjon's petition was filed on February 13, 2007. Before service of process on the Defendants and without a fact-finding hearing, the trial court on February 15, 2007, dismissed the petition after finding that it failed to comply with chapter 14 of the Texas Civil Practice and Remedies Code and that Borjon's suit was frivolous and malicious because it had no arguable basis in law.[1] *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014 (West 2002). The dismissal order

---

[1] Although the trial court first stated it found that Borjon's suit had no arguable basis in law or in fact, the court ordered the petition be dismissed because it found that the suit had no arguable basis in law.

does not specify the basis for the court's finding that the claims were frivolous. For reasons set forth below, we affirm the court's dismissal order.

## STANDARD OF REVIEW

We review a trial court's chapter 14 dismissal of an indigent inmate's claim under an abuse-of-discretion standard. *Samuels v. Strain*, 11 S.W.3d 404, 406 (Tex. App.—Houston [1st Dist.] 2000, no pet.); *Thomas v. Wichita General Hosp.*, 952 S.W.2d 936, 939 (Tex. App.—Fort Worth 1997, writ denied). A trial court abuses its discretion if it acts arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence. *K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000); *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998).

## DISCUSSION

Section 14.003 of the Texas Civil Practice and Remedies Code provides multiple grounds for dismissing an indigent inmate's claim. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a). Section 14.003(a)(2) provides that a court may dismiss a claim, either before or after service of process, if the court finds that the claim is frivolous or malicious. *Id.* When a court dismisses a claim without a fact-finding hearing, the court could not have determined that the suit had no arguable basis in fact. *Harrison v. Texas Dep't of Crim. Justice*, 915 S.W.2d 882, 887 (Tex. App.—Houston [1st Dist.] 1995, no writ) (citing *Hector v. Thaler*, 862 S.W.2d 176, 178 (Tex. App.—Houston [1st Dist.] 1993, no writ)). We, therefore, interpret the trial court's action as a finding that Borjon's claims lack an arguable basis in law. *See* Tex. Civ. Prac. & Rem. Code § 14.003(a), (b); *Retzlaff v. Texas Dep't of Crim. Justice*, 94 S.W.3d 650, 653

2

(Tex. App.—Houston [14th Dist.] 2002, pet. denied); *Gill v. Boyd Distribution Center*, 64 S.W.3d 601, 603 (Tex. App.—Texarkana 2001, pet. denied); *McDonald v. Houston Dairy*, 813 S.W.2d 238, 239 (Tex. App.—Houston [1st Dist.] 1991, no writ).

We must determine whether the trial court properly found there is no arguable basis in law for Borjon's claims. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706 (Tex. 1990). While the dismissal of inmate litigation under chapter 14 is generally reviewed for an abuse of discretion, whether there was an arguable basis in law for an inmate's claims is a question of law that we review de novo. *Minix v. Gonzalez*, 162 S.W.3d 635, 637 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *Gill*, 64 S.W.3d at 603. For a claim to have no arguable basis in law, it must be based on "an indisputable meritless legal theory" or wholly incredible or irrational factual allegations. *Gill*, 64 S.W.3d at 603 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327(1989), and citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Accordingly, we examine Borjon's petition to decide whether, as a matter of law, it stated causes of action that would authorize relief. *Denson v. Texas Dep't of Crim. Justice*, 63 S.W.3d 454, 459 (Tex. App.—Tyler 1999, pet. denied).

### *Factual Allegations*

Borjon's petition contained the following allegations. In early 1998, Borjon paid attorney Joe Petronis $25,000 to represent him in a pending criminal case. In October 1998, Borjon was arrested. On October 13, 1998, attorney Ted Potter of Ted Potter and Associates entered into a contract with Borjon's father, Aureliano Borjon (now deceased), to sign Borjon's bail bond and become co-counsel with Petronis, in exchange for Aureliano Borjon's payment of $10,000 and deposit of $65,000 into Potter's trust account as partial security for Borjon's bail bond. On

3

November 12, 1998, Borjon failed to appear in district court when his criminal case was called. On November 20, 1998, Borjon's bond was revoked, and the cash collateral for the bond was claimed by the trial court.

On December 11, 1998, Petronis contacted Aureliano Borjon ("Aureliano") through a facsimile transmission to solicit, as an additional fee, 50 percent of the bond proceeds remaining after payment of the judgment nisi for Borjon's failure to appear and for other related expenses and fees. On December 31, 1998, an agreement was made to transfer all of the monies remaining of the cash collateral proceeds to a new attorney, designated by Petronis, who would substitute for Petronis as Borjon's co-counsel. On January 6, 1999, a motion to substitute attorney Eddie Shell of Shell and Associates for Petronis as counsel for Borjon was granted. On January 8, 1999, Potter sent Shell a check for $48,250 as the remaining cash collateral proceeds from Borjon's bond. On January 12, 1999, Shell sent Potter and Petronis each a check for $19,125 from the proceeds of the cash collateral. On January 19, 1999, Potter paid Bell County $10,213 for the judgment nisi entered in Borjon's bond-forfeiture case.

On March 4, 1999, Potter sent a letter to Aureliano stating that he had paid $10,213 to Bell County, $48,250 to Shell, $350 to the psychologist, and $5,000 to himself. He also noted that, of the remaining $1,187, he was "haveing [sic] another $300.00 for [the psychologist]" and thus was refunding Aureliano $887. In November 2000, Shell wrote a letter reaffirming his obligation to represent Borjon "in the continuing criminal action for appeal and post-conviction remedies."

Alleging that Shell had failed to perform, Borjon some time in 2001 attempted to recover the $48,250 from Shell that Potter had transferred. In November 2002, Borjon filed a complaint against Shell with the State Bar of Texas. In March 2003, Shell filed a statement of facts

4

with the State Bar's grievance committee revealing that, at Potter's instruction, he had redistributed $38,250 of the $48,250 to Potter and Petronis from his trust account. On May 16, 2003, the State Bar disciplinary counsel informed Borjon that the matter had been dismissed because the committee had determined there was no just cause to believe Shell committed any professional misconduct. Borjon alleged he then realized that his reliance on Potter's representations regarding the disposition of the cash collateral proceeds had caused him to "suffer damages in the loss of the cash collateral proceeds fraudulently appropriated by [Potter]."

### Causes of Action

Borjon pleaded a cause of action for fraud against each of the Defendants. He alleged that, in the March 4, 1999, letter to Aureliano, Potter made a false representation regarding the distribution of the remaining proceeds of the cash collateral that had been entrusted to him, that is, Shell now possessed the remaining $48,250. Borjon also contended that Petronis made false representations in his contract with Aureliano with the intention of inducing Aureliano to acquiesce in Petronis' solicitation of 50 percent of the remaining proceeds of the cash collateral of Borjon's bond. Finally, Borjon alleged that Shell contributed to the fraudulent transactions perpetrated by Potter and Petronis by receiving the $48,250 and placing it in his trust account.

Borjon also pleaded a breach-of-fiduciary-duty cause of action against each of the attorney Defendants. Borjon alleged that, by fraudulently appropriating $19,125 that Borjon claimed an interest in, Potter breached his fiduciary duty. As to Petronis, Borjon pleaded that Petronis breached his fiduciary duty by using his relationship as Borjon's attorney to induce Aureliano to enter into an illegal and void contract in order to defraud Borjon and Aureliano of 50 percent of the remaining cash collateral proceeds from Borjon's bond. Against Shell, Borjon alleged that Shell

5

breached his fiduciary duty by redistributing client funds that had been placed in his care, without notifying Borjon of the transaction and redistribution and without express instructions from Borjon or his father.

"A court has no jurisdiction over a claim made by a plaintiff without standing to assert it." *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304 (Tex. 2008). To have standing, plaintiffs must be personally aggrieved; their alleged injuries must be concrete and particularized, actual or imminent, not hypothetical. *Id.* at 304-05. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1992). The causes of action that Borjon pleaded in his petition are based on factual allegations that concern transactions between the Defendants and Aureliano, not transactions between Borjon and the Defendants, and the funds that Borjon alleged he lost as a result of the Defendants' fraud and breach of fiduciary duty were not his own but Aureliano's.

## CONCLUSION

Because Borjon himself was neither deceived, defrauded, nor injured, he is without standing to assert the causes of action of fraud and breach of fiduciary duty against the Defendants. Finding that a court has no jurisdiction over the claims made by Borjon who lacks standing to assert them, we affirm the trial court's order of dismissal.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed: October 29, 2009

6