

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-13-00443-CV

---

RICHARD JAMES JOHNSON, APPELLANT

V.

MICHAEL VENABLE, APPELLEE

---

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 101022-D, Honorable Don R. Emerson, Presiding

---

December 12, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Richard James Johnson (Johnson) appeals from an order dismissing his lawsuit. Johnson contends that the trial court abused its discretion in dismissing his suit because 1) it did not have a complete record, 2) claims alleged in his petition were dismissed that were not addressed at the hearing, 3) Johnson's objections to the motion to dismiss filed by appellees were not considered, 4) misrepresentations were made regarding Johnson's pleadings, and 5) no evidence was presented at the hearing. We need only address one issue since it is dispositive. We reverse and remand.

## *Background*

Johnson filed suit alleging that the named defendants had retaliated against him for filing grievances. He, further, alleged personal property was taken from him that either never was returned or returned damaged and useless. The trial court dismissed his suit because of Johnson's "failure to state a cause of action." Johnson appealed and this court reversed, finding that Johnson had asserted an arguable cause of action. A motion to dismiss Johnson's suit was filed and a hearing held on November 15, 2013. No evidence was admitted and the trial court only entertained arguments from each party. Subsequently, the trial court, again, dismissed Johnson's suit with prejudice. He, now, appeals.

## *The Law*

The legislature enacted chapter 14 of the Texas Civil Practice and Remedies Code to control the flood of frivolous lawsuits being filed in Texas courts by prison inmates because these suits consume many valuable judicial resources with little offsetting benefits. *Bishop v. Lawson*, 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied); *Thomas v. Knight*, 52 S.W.3d 292, 294 (Tex. App.—Corpus Christi 2001, pet. denied). Chapter 14 sets forth procedural requirements an inmate must satisfy as a prerequisite to filing suit. TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002, 14.004-.006 (West Supp. 2014); *see Lilly v. Northrep*, 100 S.W.3d 335, 336 (Tex. App.—San Antonio 2002, pet. denied).

Under that chapter, the trial court may dismiss an inmate's claim if it finds the claim to be frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (West Supp. 2014); *Comeaux v. Tex. Dep't of Criminal Justice,* 193 S.W.3d 83, 86 (Tex.

App.—Houston [1st Dist.] 2006, pet. denied). A claim is frivolous or malicious if it has no basis in law or fact or if it's realistic chance of ultimate success is slight. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(1)-(2) (West Supp. 2014). Additionally, a fact hearing on frivolousness is necessary only if the claim has an arguable basis in law. *Johns v. Johnson*, No. 10-03-00388-CV, 2005 WL 428465, 2005 Tex. App. LEXIS 1500, at * 3 (Tex. App.—Waco Feb.23, 2005, no pet.) (mem. op.) (citing *Denson v. T.D.C.J.-I.D.*, 63 S.W.3d 454, 459 (Tex. App.—Tyler 1999, pet. denied)). Indeed, when an appellant's claim is dismissed without a fact hearing, the court could not have determined the appellant had no arguable basis in fact. *McDonald v. Houston Dairy,* 813 S.W.2d 238 (Tex. App.—Houston [1st Dist.] 1991, no writ) (holding that because the trial court dismissed without a hearing, the court could not have determined that McDonald had no arguable basis in fact, which in most cases requires a fact hearing).

### *Analysis*

Johnson contends that the trial court erred by dismissing his suit when no evidence was presented at the dismissal hearing. Chapter 14 provides several grounds on which a court may dismiss such actions. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (West Supp. 2014). None were mentioned by the trial court, and further it dismissed all claims with prejudice.[1] This included the ground upon which this court reversed the prior trial court's dismissal, the Theft Liability Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 134.001 (West 2011) (the Texas Theft Liability Act).

According to Johnson's petition, he alleged that defendants Draper and Martinez removed all of his personal property from his cell, which property included a fan that

---

[1] Dismissal with prejudice constitutes an adjudication on the merits.

3

was never returned and a typewriter that was severely damaged. So too does he aver that defendants Mitchell and Studer removed a radio with headphones, a hot pot and a book from his cell, which items were never returned to him. Defendants Venable and Owens, also, allegedly violated the Theft Liability Act by entering his cell and removing several photos, magazines, gym shorts, a set of dominos and checkers, toiletry items, food and other items without justification and failed to either return them or returned them damaged, according to Johnson. In construing these allegations, liberally, we concluded that Johnson had asserted an arguable cause of action. *Johnson v. Venable,* No. 07-13-00007, 2013 WL 2609590, 2013 Tex. App. LEXIS 6763 (Tex. App.—Amarillo May 31, 2013, no pet.) (mem. op.), citing *Minix v. Gonzales*, 162 S. W.3d 635, 638 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (holding that the inmate pled a viable cause of action under the Theft Liability Act against prison employees for taking property from his cell when the employees were sued in their individual capacities).

At the hearing on the motion to dismiss, the subject of this appeal, no witnesses were called and no evidence was admitted. Counsel for appellees presented the following argument regarding the Theft Liability Act allegation, "the conduct that [appellees] engaged in was pursuant to the scope of their employment," which is a defense according to appellees. However, this would require the trial court to make a fact finding as to whether appellees were acting within the scope of their employment, and, therefore, a factual hearing was required for it to do so.

Consequently, the trial court erred in dismissing with prejudice Johnson's suit in its entirety. Furthermore, the error was harmful. *See Garrett v. Borden,* 202 S.W.3d

463, 465 (Tex. App.—Amarillo 2006, no pet.) (holding the error harmful because it resulted in the dismissal of the suit).

Accordingly, the judgment is reversed and the cause remanded to the trial court.


Brian Quinn
Chief Justice