**Opinion issued February 26, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00431-CV

————————————

## DERRICK A. WALKER, Appellant

## V.

## D. D'LYN DAVISON, Appellee

On Appeal from the 89th District Court
Wichita County, Texas
Trial Court Case No. 188,018-C

## MEMORANDUM OPINION

Derrick Walker, proceeding *pro se*, brought this suit against attorney Gregg

Price and Price's attorney, D'Lyn Davison. In an earlier suit separate from this one,

Walker had sued Price for allegedly breaching an agreement to represent him in a

personal-injury matter. Davison represented Price in that suit. According to Walker,

during trial in that suit, Price allegedly perjured himself, and Davison allegedly suborned the perjurious testimony. Walker then initiated this suit against both Price and Davison in Wichita County district court.[1] After Davison answered and before Price was served with process, the district court dismissed this suit for being frivolous or malicious.[2]

Walker appeals the dismissal as to Price but concedes the dismissal as to Davison. Because of deficiencies in his appellant's brief, Walker has failed to preserve his issues for appellate review. We therefore affirm.

## Background

Walker contacted Price, seeking legal representation after a car wreck. The record is unclear about what happened next, but Walker later sued Price for allegedly breaching an agreement to represent Walker. Davison represented Price in Walker's suit.

Walker represents to us that an appeal in that suit is still ongoing. Nevertheless, Walker filed a separate suit—this suit—against both Price and

---

[1]   Pursuant to the Supreme Court of Texas's docket-equalization powers, this appeal was transferred from the Second Court of Appeals to this court on May 30, 2018. *See* TEX. GOV'T CODE §§ 73.001–.002; Order Regarding Transfer of Cases from Courts of Appeals, Misc. Docket No. 18-9049 (Tex. Mar. 27, 2018). We are unaware of any conflict between precedent of the Second Court of Appeals and that of this court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]   *See* TEX. CIV. PRAC. & REM. CODE § 13.001.

2

Davison, alleging that Price perjured himself in the prior suit and that Davison suborned the perjurious testimony. He filed this suit in Wichita County district court, along with an affidavit of indigency, which no one has challenged. *See* TEX. R. CIV. P. 145.

Davison was served with process and answered the suit and moved for dismissal, contending that the action against her is frivolous and malicious. *See* TEX. CIV. PRAC. & REM. CODE § 13.001. Then, before Price was served, the district court reviewed the case file. Noting that Walker had filed an affidavit of indigency, it found that Walker's suit was frivolous or malicious and dismissed the suit under Civil Practice and Remedies Code section 13.001. The dismissal disposed of all claims, including those against Price.[3]

---

[3] "An action may be dismissed under Subsection (a) as frivolous or malicious either before or after service of process." TEX. CIV. PRAC. & REM. CODE § 13.001(c). Determining whether an action is frivolous or malicious generally turns on whether the plaintiff's "claim has no arguable basis in law or in fact." *See id.* § 13.001(b)(2); *McDonald v. Houston Dairy*, 813 S.W.2d 238, 239 (Tex. App.—Houston [1st Dist.] 1991, no writ).

If a section 13.001 dismissal is one for lack of an arguable basis in fact, then the trial court should generally hold an evidentiary hearing. *See Johnson v. Franco*, 893 S.W.2d 302, 303 (Tex. App.—Houston [1st Dist.] 1995, writ dism'd w.o.j.); *Hector v. Thaler*, 862 S.W.2d 176, 178 (Tex. App.—Houston [1st Dist.] 1993, no writ). Without a hearing, a trial court generally cannot determine that a claim has no arguable basis in fact. *McDonald*, 813 S.W.2d at 239.

On the other hand, a dismissal for a lack of "*any* arguable basis in law" may be reversed if the trial court has misapplied the law. *See id.* (emphasis added). When applying the law to the plaintiff's petition, courts should accept "all of

Walker requested findings of fact and conclusions of law, but the record does not reflect that the trial court ever entered any. The record does not contain any notice of past-due findings filed by Walker. *See* TEX. R. CIV. P. 297. This appeal followed.

## Analysis

On appeal, Walker complains of the dismissal as to Price, but he concedes Davison's dismissal. His brief, however, fails to challenge the dismissal with citations to the record and to relevant authorities.

Adequate briefing includes proper citation to the record and to authorities. *See 1901 NW 28th St. Tr. v. Lillian Wilson, LLC*, 535 S.W.3d 96, 102 (Tex. App.—Fort Worth 2017, no pet.); *Afshang v. Mortazavi*, No. 01-16-00171-CV, 2017 WL 711743, at *2 (Tex. App.—Houston [1st Dist.] Feb. 23, 2017, no pet.) (mem. op.). Rule of Appellate Procedure 38.1(i) requires that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to

---

the facts as set forth in [the plaintiff]'s petition and exhibits as true." *See Velasquez v. Austin Colony Apartments*, No. 01-96-00483-CV, 1998 WL 658567, at *2 (Tex. App.—Houston [1st Dist.] Sept. 24, 1998, no pet.) (not designated for publication).

Determining frivolousness or malice, then, may not always be a simple undertaking. We therefore caution trial courts not to move too quickly in dismissing actions under Section 13.001. We do not reach the merits of the issue in this appeal, however, because of deficiencies in Walker's appellant's brief. *See* TEX. R. APP. P. 47.1.

4

authorities and to the record." To fulfill these requirements, the appellant must "provide us with such discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue." *Morrill v. Cisek*, 226 S.W.3d 545, 548 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (quoting *Tesoro Petrol. Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied)). "This is not done by merely uttering brief conclusory statements, unsupported by legal citations." *Id.* (quoting *Tesoro Petrol.*, 106 S.W.3d at 128).

An appellant should explain how the law in the cited authorities applies to the material facts in the record and supports his or her arguments on appeal. *Tyurin v. Hirsch & Westheimer, P.C.*, No. 01-17-00014-CV, 2017 WL 4682191, at *1 (Tex. App.—Houston [1st Dist.] Oct. 19, 2017, no pet.) (mem. op.) (per curiam); *see also Schmitz v. Denton Cty. Cowboy Church*, 550 S.W.3d 342, 363 (Tex. App.—Fort Worth 2018, pet. denied) ("Appellants include no record references to support these factual assertions and do not present cogent argument explaining how the trial court's denial exceeded the bounds of reasonable discretion as an unreasonable or arbitrary determination.") (citing Rule 38.1). When an appellant fails to comply with Rule 38.1, it is not this court's duty to research the law that may support the appellant's contentions or review the record for facts to support them. *Tyurin*, 2017 WL 4682191, at *1; *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931–32 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

Although we interpret Rule 38.1's requirements liberally, *see Republic Underwriters Insurance Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004), a brief that does not contain any citations to authorities or to the record for a given issue waives that issue. *Abdelnour v. Mid Nat'l Holdings, Inc.*, 190 S.W.3d 237, 241–42 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *accord Afshang*, 2017 WL 711743, at *2.

Litigants appearing on their own behalf are held to the same standards as licensed attorneys and must comply with all applicable laws and rules of procedure. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Kanow v. Brownshadel*, 691 S.W.2d 804, 806 (Tex. App.—Houston [1st Dist.] 1985, no writ). A *pro se* litigant must properly present his or her case on appeal, and we may not apply different standards for litigants appearing without the advice of counsel. *See Morris v. Am. Home Mortg. Servicing, Inc.*, 360 S.W.3d 32, 36 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *accord Afshang*, 2017 WL 711743, at *2.

Walker's appellant's brief does not present any legal authorities or citations to the record to support his contentions. We therefore hold that his appellate issues are waived. *See Franz v. Katy Indep. Sch. Dist.*, 35 S.W.3d 749, 755 (Tex. App.—Houston [1st Dist.] 2000, no pet.); *accord Afshang*, 2017 WL 711743, at *2.

## Conclusion

Walker has waived any complaint of error. We therefore affirm the judgment of the trial court.

Gordon Goodman  
Justice

Panel consists of Chief Justice Radack and Justices Goodman and Countiss.