In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00099-CV**
_____

**KAIL EDWARD GIBSON, Appellant**

**V.**

**HONORABLE ROBERT HILL TRAPP JUDGE OF 411TH DISTRICT COURT, POLK COUNTY, TEXAS AND WILLIAM LEE HON, DISTRICT ATTORNEY OF POLK COUNTY, TEXAS, Appellees**

_____

**On Appeal from the 258th District Court**
**Polk County, Texas**
**Trial Cause No. CIV32431**
_____

**MEMORANDUM OPINION**

*Pro se* appellant Kail Edward Gibson appeals from the trial court's dismissal of his lawsuit pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014. Gibson raises three issues for our consideration. We affirm the trial court's judgment.

1

## BACKGROUND

Gibson, an inmate in the Pack Unit, filed a *pro se* due course of law complaint against appellees, seeking a declaration that the appellees violated his constitutional rights and a permanent injunction ordering the appellees to comply with the due course of law and admit to violating the Health Insurance Portability and Accountability Act ("HIPAA") by illegally obtaining his mental health records. Gibson alleged that William Lee Hon, the District Attorney of Polk County, Texas, violated his constitutional rights by obtaining his mental health records without his consent or providing him notice. Gibson alleged that the Honorable Robert Hill Trapp, Judge of the 411th District Court of Polk County, Texas, violated his constitutional rights by admitting the mental health records during his trial.

The trial judge signed an order dismissing, without prejudice, Gibson's claims as frivolous because the pleadings failed to state a cause of action. In its order, the trial court found that the disclosure of medical records under HIPAA was permissible when the information was disclosed for law enforcement purposes and obtained pursuant to a grand jury subpoena. Gibson appealed.

## ANALYISIS

In issue one, Gibson complains that he was denied due process when the trial court dismissed his complaint as frivolous without conducting a hearing. In issue

two, Gibson argues that the trial court abused its discretion by dismissing his claim as frivolous based on its finding that the disclosure of medical records under HIPAA was permissible, because his claim does not involve medical records. According to Gibson, his claim involves mental health records which contain his confidential communications with a mental health professional. In issue three, Gibson complains that the court abused its discretion by concealing his privileged mental health records when it decided to deny his claim without conducting a hearing, thereby denying him an opportunity to prove that the records were not ordinary medical records.

We review the trial court's dismissal of an inmate's claim pursuant to Chapter 14 under an abuse of discretion standard. *Thomas v. Knight*, 52 S.W.3d 292, 294 (Tex. App.—Corpus Christi 2001, pet. denied). We will affirm the trial court's dismissal if it was proper under any legal theory. *Hamilton v. Pechacek*, 319 S.W.3d 801, 809 (Tex. App.—Fort Worth 2010, no pet.) (citing *Johnson v. Lynaugh*, 796 S.W.2d 705, 706-07 (Tex. 1990)). In forma pauperis suits by inmates, such as Gibson's lawsuit, are governed by Chapter 14 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-14.014. A court may dismiss a claim brought under Chapter 14 if it is frivolous. *See id.* § 14.003(a)(2). In considering the purposes of Chapter 14, the trial court's discretion to dismiss claims is broad. *Jackson v. Tex. Dep't of Crim. Justice-Inst. Div.*, 28

3

S.W.3d 811, 813 (Tex. App.—Corpus Christi 2000, pet. denied). In making its determination of whether a claim is frivolous, a trial court may consider whether a claim has an arguable basis in law or in fact. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b)(2). Chapter 14 states that the trial court may hold a hearing to decide whether a claim should be dismissed. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(c).

In most cases, a trial court cannot dismiss an in forma pauperis lawsuit based on a determination that the lawsuit lacks an arguable basis in fact without having a fact hearing. *In re Wilson*, 932 S.W.2d 263, 265 (Tex. App.—El Paso 1996, no writ). However, if the lawsuit lacks an arguable basis in law, the trial court can dismiss a claim without conducting a hearing. *McDonald v. Houston Dairy*, 813 S.W.2d 238, 239 (Tex. App.—Houston [1st Dist.] 1991, no writ.). When a trial court dismisses a claim without conducting a hearing, our review focuses on whether the inmate's claim has no basis in law, which is a question of law that we review *de novo*. *Sawyer v. Tex. Dep't of Crim. Justice*, 983 S.W.2d 310, 311 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). In conducting our review, we take the allegations in the inmate's petition as true and review the types of relief and causes of action set out in the petition to determine whether, as a matter of law, the petition states a cause of action that would authorize relief. *Leachman v. Dretke*, 261 S.W. 3d 297, 304 (Tex. App.—

4

Fort Worth 2008, no pet.). "A claim has no arguable basis in law if it is an indisputably meritless legal theory." *Id.*

Because the trial court did not conduct a hearing before it dismissed Gibson's lawsuit, the issue before us is whether the trial court properly determined that there was no basis in law for Gibson's claims. *See id.* The trial court dismissed Gibson's claims because it found that the disclosure of Gibson's medical records was permissible, because the records were obtained pursuant to a grand jury subpoena and disclosed for law enforcement purposes. In issue two, Gibson argues that the trial court erred by finding that the disclosure of medical records under HIPAA was permissible, because his claim does not involve medical records. According to Gibson, his claim involves mental health records which contain his confidential communications with a mental health professional.

The appellees argue that the rules of evidence concerning the privileged nature of records pertaining to the diagnosis or treatment of mental health patients that Gibson cites to in his petition apply to civil cases, and Gibson's underlying case is criminal in nature. *See* Tex. R. Evid. 509, 510. According to the appellees, Rule 509(b) clearly states that in a criminal case, there is no physician-patient privilege; however, a confidential communication is not admissible in a criminal case if it was made to a person involved in the treatment of or examination for alcohol or drug

5

abuse and by a person being treated voluntarily for admission to treatment for alcohol or drug abuse. *See* Tex. R. Evid. 509(b). The appellees maintain that because the records at issue did not involve the treatment of or examination for alcohol or drug abuse, Gibson possessed no privilege to prevent disclosure, and thus, there is no basis for his complaint that the trial court erred by finding that the disclosure of the records was permissible.

In his petition, Gibson complains that the appellees improperly admitted evidence regarding an out-of-court statement he made to a board-certified psychiatrist when he was a psychiatric patient and residing at a mental hospital. Gibson argued that he never waived the confidentiality privilege under article 38.23 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 38.23 (providing that no evidence obtained in violation of any provision of the Constitution or laws of the State of Texas or of the Constitution or laws of the United States shall be admitted in evidence against the accused in the criminal case). According to Gibson, his mental health records were secured by an illegal search and seizure that violated his constitutional rights and HIPAA. Gibson maintained that District Attorney Hon concealed the mental health records and failed to follow proper procedures, thereby depriving him of due process. *See* Tex. Code Crim. Proc. Ann. arts. 1.04, 2.01.

Our review of Gibson's petition shows that he failed to cite to any relevant case law or statutes supporting his contention that the physician-patient privilege applied in his underlying criminal proceeding. *See Absalon v. State*, 460 S.W.3d 158, 162-63 (Tex. Crim. App. 2015). There is no physician-patient privilege in Texas criminal proceedings except under limited circumstances not applicable here. *See* Tex. R. Evid. 509(b); *Absalon*, 460 S.W.3d 162-63. Gibson also alleges that the appellees violated HIPAA by retrieving his mental health records through a grand jury subpoena without his consent. *See* 45 C.F.R. § 164.512. The appellees did not violate HIPAA because they are not covered entities under HIPPA, and accordingly, the appellees' conduct is not governed by HIPAA. *See Rodriguez v. State*, 469 S.W.3d 626, 634-35 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd); *see also* 45 C.F.R. §§ 160.102(a), 164.104(a). Additionally. HIPAA provides for disclosure of protected information for law enforcement purposes to a law enforcement official in compliance with a grand jury subpoena. 45 C.F.R. § 164.512(f)(1)(ii)(B). Taking the allegations in Gibson's petition as true and reviewing the types of relief and causes of action in the petition, we conclude that the trial court did not err by dismissing his claims for having no arguable basis in law. *See Leachman*, 261 S.W.3d at 304, 306. We overrule issue two.

In issue one, Gibson complains that he was denied due process when the trial court dismissed his complaint as frivolous without conducting a hearing. In issue three, Gibson complains that the court abused its discretion by concealing his privileged mental health records when it decided to deny his claim without conducting a hearing, thereby denying him an opportunity to prove that the records were not ordinary medical records. Because the trial court properly determined that Gibson's claims had no arguable basis in law, and thus failed to state a claim, we conclude that the trial court was not required to conduct a hearing. *See McDonald*, 813 S.W.2d at 239. We overrule issues one and three. Having overruled each of Gibson's issues, we conclude that the trial court did not abuse its discretion by dismissing Gibson's claims as frivolous. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2); *Thomas*, 52 S.W.3d at 294. Accordingly, we affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice


Submitted on October 2, 2019
Opinion Delivered October 31, 2019


Before McKeithen, C.J., Horton and Johnson, JJ.

8