**Burnice Joe BIRDO, Appellant,**

v.

**James A. AMENT, et al., Appellees.**

**No. 10–90–178–CV.**

Court of Appeals of Texas,
Waco.

July 25, 1991.
Rehearing Denied Aug. 15, 1991.

Burnice Birdo, pro se.

James Ament, pro se.

Before THOMAS, C.J., and VANCE and CUMMINGS, JJ.

## OPINION

VANCE, Justice.

In this appeal and in *Thompson v. Ereck-son,* 814 S.W.2d 805 (Tex.App.—Waco

1991), decided today, we determine the propriety of dismissals, under section 13.001 of the Civil Practice and Remedies Code, of suits filed *in forma pauperis.* *See* Tex. Civ.Prac. & Rem.Code Ann. § 13.001 (Vernon Supp.1991).

Burnice Birdo, a prison inmate, brought a pro se action *in forma pauperis* against prison guards James Ament and Joe Vega and their employer, the Texas Department of Criminal Justice, Institutional Division (TDCJ), alleging negligent acts. Before the defendants were served with process, the court dismissed the cause as being frivolous. *See id.* Birdo complains that the court abused its discretion when it dismissed the cause before service of process and that the dismissal resulted in a violation of his constitutional rights. The judgment of dismissal will be affirmed.

Section 13.001 provides:

(a) A court in which an affidavit of inability to pay under Rule 145, Texas Rules of Civil Procedure, has been filed may dismiss the action on a finding that:

(1) the allegation of poverty in the affidavit is false; or

(2) the action is frivolous or malicious.

(b) In determining whether an action is frivolous or malicious, the court may consider whether:

(1) the action's realistic chance of ultimate success is slight;

(2) the claim has no arguable basis in law or in fact; or

(3) it is clear that the party cannot prove a set of facts in support of the claim.

(c) An action may be dismissed under Subsection (a) as frivolous or malicious either before or after service of process.

*Id.*

■ Because of recent federal decisions, a dismissal under section 13.001(b)(3) is no longer appropriate. *See Neitzke v. Williams,* 490 U.S. 319, 330, 109 S.Ct. 1827, 1834, 104 L.Ed.2d 338 (1989); *Pugh v. Parish of St. Tammany,* 875 F.2d 436, 438 (5th Cir.1989); *Johnson v. Lynaugh,* 800 S.W.2d 936, 938 (Tex.App.—Houston [14th Dist.] 1990, writ granted). The federal

counterpart of section 13.001 is section 1915(d) of Title 28, which authorizes federal courts to dismiss *in forma pauperis* suits "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." *See* 28 U.S.C.A. § 1915(d) (West 1966). While the federal statute does not contain guidelines for determining when a suit is frivolous, a dismissal is proper if the claim has no arguable basis in law and fact. *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir.1991); *Wilson v. Lynaugh,* 878 F.2d 846, 849 (5th Cir.1989), *cert. denied,* 493 U.S. 969, 110 S.Ct. 417, 107 L.Ed.2d 382 (1989); *Pugh,* 875 F.2d at 438. The rationale behind granting this power to trial courts is to "prevent abusive or captious litigation" where the *in forma pauperis* litigant "lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke,* 490 U.S. at 324, 109 S.Ct. at 1831, 104 L.Ed.2d 338. "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the *unusual power* to pierce the veil of the complainant's *factual allegations* and dismiss those claims whose factual contentions are *clearly baseless.*" *Id.* at 327, 109 S.Ct. at 1833 (emphasis added). An example of an indisputably meritless legal theory occurs where the petition asserts claims against which the defendants are immune from suit. *Id.* An example of factually baseless contention occurs where the petition describes claims arising out of fantastic or delusional scenarios. *Id.*

■ Point two asserts that the trial court abused its discretion when it dismissed the cause. The court specified that Birdo's petition was dismissed because "the action's realistic chance of ultimate success [was] slight." *See* TEX.CIV.PRAC. & REM. CODE ANN. § 13.001(b)(1) (Vernon Supp. 1991). The petition alleged that the action was brought pursuant to sections 101.021 and 104.001 of the Texas Civil Practice and Remedies Code and that he sustained both physical and mental injuries when he was burned by hot coffee that was served to him by Ament and Vega in a "flimsy, thin-paper, cone cup" incapable of containing the hot coffee safely. *See id.* at § 101.021,

104.001 (Vernon 1986, Vernon Supp.1991). He asserted that Ament and Vega were acting in the course and scope of their employment with TDCJ and asked for $200,000 as actual damages.

Section 13.001 provides that a court may dismiss a cause as frivolous before service of process if the action's realistic chance of success is slight. *Id.* at § 13.001(b)(1). In evaluating the petition the court could have considered that the named defendants, as employees of the state, were entitled to quasi-judicial immunity from damages. *See Johnson v. Peterson,* 799 S.W.2d 345, 347 (Tex.App.—Houston [14th Dist.] 1990, no writ). The court could also have concluded that the TDCJ was not liable because the facts alleged in the petition were as well known to Birdo as to the employees, that the damages were *de minimis,* and therefore Birdo's chances of being successful at a trial were highly unlikely. Thus, we conclude that the court did not abuse its discretion when it dismissed Birdo's petition for the reason stated. *See Johnson,* 800 S.W.2d at 938; TEX.CIV.PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp. 1991).

■ Recognizing that our Supreme Court has declined to "imply approval of a dismissal of an action based solely upon section 13.001(b)(1)," that the test applicable under the federal statute is the one enumerated in our statute as section 13.001(b)(2) ("a complaint ... is frivolous where it lacks an arguable basis in law or in fact"), and that our duty is to affirm the dismissal if it was proper under any legal theory, we conclude that the dismissal of Birdo's claims under 13.001(b)(2) would have been amply justified because the claim had no arguable basis in fact. *See Johnson v. Lynaugh,* 796 S.W.2d 705, 706–07 (Tex.1990); *Ross v. Walsh,* 629 S.W.2d 823, 826 (Tex.App.—Houston [14th Dist.] 1982, no writ); TEX.CIV.PRAC. & REM.CODE ANN. § 13.001(b)(1), (2) (Vernon Supp.1991). Because the facts concerning the flimsy nature of the coffee cup were as well known to Birdo as to the employees and because the damages were *de minimis,* the court could have "pierced the veil" of Bir-

do's factual allegations and concluded that they were of the type whose factual contentions are clearly baseless. *See Neitzke,* 490 U.S. at 327, 109 S.Ct. at 1833, 104 L.Ed.2d 338. Point two is overruled.

■■■ Point one asserts that the dismissal violated his constitutional rights under the First and Fourteenth Amendments to the United States Constitution. *See* U.S. CONST. amends. I, XIV. Birdo's constitutional challenge was not made in the trial court. After his suit was dismissed, he could have properly addressed his constitutional challenge to the court in a motion to reinstate. Instead, he chose to appeal. Unless the error is fundamental, a constitutional challenge not properly raised in the trial court is waived on appeal. *See Johnson,* 800 S.W.2d at 939. Fundamental error in civil matters occurs in extremely limited circumstances, e.g., where the court does not have jurisdiction or where the public interest is directly and adversely affected, as that interest is declared in the statutes or Constitution of Texas. *See id.; Smiley v. Johnson,* 763 S.W.2d 1, 4 (Tex. App.—Dallas 1988, writ denied). Because fundamental error is not presented, Birdo's assertion that his constitutional rights were violated is not properly before us. *See id.*

The dismissal was without prejudice, as the merits of Birdo's claims were not reached. *See Rizk v. Mayad,* 603 S.W.2d 773, 775 (Tex.1980). Therefore, he is not precluded from bringing this action again and asserting his constitutional claims in the trial court if his suit is dismissed again. We overrule point one.

We affirm the judgment of dismissal.

CUMMINGS, J., not participating.