NO. 12-03-00264-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


GARY WESLEY DANIELS,                              §     APPEAL FROM THE 369TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

RICHARD J. WELCH, JANIE COCKRELL,
WARDEN CASTRO, JAMES W. BIDDY,        §     ANDERSON COUNTY, TEXAS
GLENDA S. ANDERSON AND
NOLAN W. CALDWELL,
APPELLEES





MEMORANDUM OPINION
            Gary Wesley Daniels, an inmate in the Texas Department of Criminal Justice-Institutional
Division (“TDCJ”), proceeding pro se, filed an in forma pauperis suit against Janie Cockrell, Warden
Castro, Richard J. Welch, Glenda S. Anderson, Nolan W. Caldwell, and James W. Biddy. Following
the trial court’s order dismissing his suit pursuant to Texas Civil Practice and Remedies Code,
section 14.003, Daniels appealed, raising five issues for our consideration. We modify and, as
modified, affirm.
Background
            Daniels is an inmate. While incarcerated, Daniels filed a civil suit against Welch, Cockrell,
Castro, Anderson, Caldwell, and Biddy, all employees of TDCJ. In his lawsuit, Daniels alleged that
he was assaulted by Welch when he refused to return to his cell due to concern for his safety.


 
Daniels further alleged that Welch’s conduct violated his state and federal constitutional rights. In
conjunction with his original petition, Daniels filed a declaration of previous lawsuits, in which he
stated that he had filed no “other lawsuits in state or federal court relating to [his] imprisonment.” 
            On July 22, 2003, without conducting a hearing, the trial court found that Daniels’s suit was
frivolous or malicious and dismissed it with prejudice pursuant to Texas Civil Practice and Remedies
Code, section 14.003. This appeal followed.

Dismissal Pursuant to Texas Civil Practice and Remedies Code Chapter 14
            Daniels argues that the trial court's dismissal was improper.


 We review the trial court's
dismissal of an in forma pauperis suit under an abuse of discretion standard. Hickson v. Moya, 926
S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ). A trial court abuses its discretion if it acts
arbitrarily, capriciously, and without reference to any guiding rules or principles. Lentworth v.
Trahan, 981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no pet.). We will affirm a
dismissal if it was proper under any legal theory. Johnson v. Lynaugh, 796 S.W.2d 705, 706–07
(Tex.1990); Birdo v. Ament, 814 S.W.2d 808, 810 (Tex. App.–Waco 1991, writ denied). The trial
courts are given broad discretion to determine whether a case should be dismissed because (1)
prisoners have a strong incentive to litigate; (2) the government bears the cost of an in forma
pauperis suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues
to the benefit of state officials, courts, and meritorious claimants. See Montana v. Patterson, 894
S.W.2d 812, 814–15 (Tex. App.–Tyler 1994, no writ).
            Chapter 14 of the Texas Civil Practice and Remedies Code controls suits brought by an
inmate in which the inmate has filed an affidavit or unsworn declaration of inability to pay costs.



Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (Vernon 2002); Hickson, 926 S.W.2d at 398.
Section 14.003 provides that a trial court may dismiss a claim before or after service of process if
the court finds that the claim is frivolous or malicious. See Tex. Civ. Prac. & Rem. Code Ann.
§ 14.003(a)(2) (Vernon 2002). In determining whether a claim is frivolous or malicious, a trial court
may consider whether the claim is substantially similar to a previous claim filed by the inmate
because the claim arises out of the “same operative facts.” Id. at § 14.003(b)(4). To enable a trial
court to determine whether the suit is substantially similar to a previous one, an inmate is required
to file a separate affidavit or unsworn declaration describing all other suits the inmate has brought
and stating the “operative facts” upon which relief was sought. Id. at § 14.004(a)(2)(A). Moreover,
the affidavit must identify each suit without regard to whether the person was an inmate at the time
the suit was brought. See id. at § 14.004(a)(1).
            In the case at hand, the record contains no affidavits or unsworn declarations in compliance
with Texas Civil Practice and Remedies Code, section 14.004. Daniels filed a declaration in which
he stated that he had filed no “other lawsuits in state or federal court relating to [his] imprisonment.” 
However, Section 14.004(a)(1) does not relate only to lawsuits filed that relate to the imprisonment. 
Id. Section 14.004(a)(1) plainly states that the affidavit must identify each previous lawsuit filed
without regard to whether the person was an inmate at the time the suit was brought. Id. As such,
Daniels’s declaration does not satisfy the requisites of Section 14.004(a)(1) because it was limited
to lawsuits related to his imprisonment. See, e.g., Butler v. Texas Dep’t of Criminal Justice, No.
12-01-00243-CV, 2002 WL 335228, at *2 (Tex. App.–Tyler Feb. 28, 2002, no pet.) (not designated
for publication) (“A declaration ... which does not set forth the requisite details about previous
lawsuits filed by that inmate, even if the only detail is that no previous lawsuits have been filed, does
not comport with the requirements of section 14.004.”). Thus, the trial court was unable to consider
whether Daniels's current claim was substantially similar to his previous claims, if any.
            When an inmate files an affidavit or declaration that fails to comply with the requirements
of section 14.004, “the trial court is entitled to assume that the suit is substantially similar to one
previously filed by the inmate, and therefore, frivolous.” Bell, 962 S.W.2d at 158. Accordingly, we
hold that the trial court did not abuse its discretion when it dismissed Daniels's suit.


 Id. Daniels’s
issues one, two, three, four, and five are overruled.

Conclusion
            The trial court’s dismissal of Daniels’s suit with prejudice was improper. We modify the trial
court's order of dismissal by deleting the words “with prejudice” and substituting in their place the
words “without prejudice.” Having overruled Daniels’s issues one, two, three, four, and five, we
affirm the trial court’s dismissal order as modified.
                                                                                                     SAM GRIFFITH 
                                                                                                              Justice
Opinion delivered March 31, 2005.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
(PUBLISH)