# NO. 12-08-00060-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MANDELL RHODES, JR.,*<br>*APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | | |
| *JAMES POLAND, CHARLES SHIPMAN,*<br>*PAMELA FREEMAN, LYNN RUZICKA,*<br>*ELVIS HIGHTOWER, GERALD GARRETT,*<br>*THOMAS FORDYCE, PAUL KIEL,*<br>*R. GARCIA, CHARLES SPEIR, AND*<br>*HOWARD THRASHER,* | § | *JUDICIAL DISTRICT COURT OF* |
| *APPELLEES* | § | *ANDERSON COUNTY, TEXAS* |

### MEMORANDUM OPINION

Mandell Rhodes, Jr., an inmate in the Texas Department of Criminal Justice-Institutional Division ("TDCJ"), proceeding pro se*,* filed an *in forma pauperis* suit against Parole Commissioners James Poland, Charles Shipman, Pamela Freeman, Lynn Ruzicka, Elvis Hightower, Gerald Garrett, Thomas Fordyce, Paul Kiel, R. Garcia, Charles Speir, and Howard Thrasher (collectively "Appellees"). In two issues, Rhodes argues that the trial court abused its discretion by dismissing his suit. We affirm.

### BACKGROUND

Rhodes is an inmate. While incarcerated, Rhodes filed an *in forma pauperis* civil suit against Appellees seeking a declaratory judgment that Texas Government Code, section 508.0441 is unconstitutional and that Appellees are, therefore, divested of their authority to determine his parole

eligibility or revoke his parole. In his petition, Rhodes alleged that section 508.0441 is unconstitutional because it conflicts with the 1983 amendment[1] to article IV, section 11 of the Texas Constitution, which, according to Rhodes, "[vests] the power to determine paroles 'exclusively' to 'Board members[.]'"[2] Thus, Rhodes contends that section 508.0441 conflicts with article IV, section 11 because section 508.0441 vests "parole commissioners" with "the clemency power to determine paroles[.]" In conjunction with his original petition, Rhodes filed a declaration of previous lawsuits, in which he designated three previously filed actions.

On January 25, 2008, without conducting a hearing, the trial court found that Rhodes's suit was frivolous or malicious and dismissed it. In its order, the trial court found that from Rhodes's affidavit of previous filings, "the claim is substantially similar to previous claims" brought by Rhodes and that the "realistic chance of ultimate success is slight." This appeal followed.


## CONSTITUTIONALITY OF TEXAS GOVERNMENT CODE, SECTION 508.0441

In his first and second issues, Rhodes argues that the trial court erred in dismissing his lawsuit pursuant to Texas Civil Practice and Remedies Code, section 14.003. We review the trial court's dismissal of an *in forma pauperis* suit under an abuse of discretion standard. ***Hickson v. Moya***, 926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or principles. ***Lentworth v. Trahan***, 981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no pet.). The trial courts are given broad discretion to determine whether a case should be dismissed because (1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an *in forma pauperis* suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants. *See **Montana v. Patterson***, 894 S.W.2d 812, 814–15 (Tex. App.–Tyler 1994, no writ).

In the instant case, the trial court made a finding in its order of dismissal that "the claim is

---

[1] *See* Acts 1983, 68th Leg., p. 6681, S.J.R. No. 13.

[2] In his petition for declaratory judgment, Rhodes states that he has standing to bring this suit because his parole was revoked on July 21, 2006 by certain parole commissioners. Rhodes further alleges that he was subsequently denied a "new parole" by other parole commissioners.

substantially similar to previous claims" brought by Rhodes and that the "realistic chance of ultimate success is slight." However, we will affirm a dismissal if it was proper under any legal theory. *See Johnson v. Lynaugh*, 796 S.W.2d 705, 706–07 (Tex. 1990); *Birdo v. Ament*, 814 S.W.2d 808, 810 (Tex. App.–Waco 1991, writ denied).

Rhodes sought a declaratory judgment that Texas Government Code, section 508.0441 is unconstitutional in light of the 1983 amendment to article IV, section 11 of the Texas Constitution. *Compare* TEX. CONST. art. IV, § 11 *with* TEX. GOVT. CODE ANN. § 508.0441 (Vernon 2004). Article IV, section 11 states, in pertinent part, as follows:

> (b) In all criminal cases, except treason and impeachment, the Governor shall have power, after conviction, on the written signed recommendation and advice of the Board of Pardons and Paroles, or a majority thereof, to grant reprieves and commutations of punishment and pardons; and under such rules as the Legislature may prescribe, and upon the written recommendation and advice of a majority of the Board of Pardons and Paroles, he shall have the power to remit fines and forfeitures. The Governor shall have the power to grant one reprieve in any capital case for a period not to exceed thirty (30) days; and he shall have power to revoke conditional pardons. With the advice and consent of the Legislature, he may grant reprieves, commutations of punishment and pardons in cases of treason.

TEX. CONST. art IV, § 11. Section 508.0441 provides, in pertinent part, that "[b]oard members and parole commissioners" shall determine which inmates are to be released on parole or mandatory supervision as well as determinations regarding the continuation, modification, and revocation of parole or mandatory supervision. *See* TEX. GOVT. CODE ANN. § 508.0041(a)(1), (4) (Vernon 2004).

In his petition for declaratory judgment, Rhodes argues that since section 508.0041 grants certain authority to "parole commissioners," it conflicts with article IV, section 11, which provides that the governor acts upon the advice of the "Board of Pardons and Paroles, or a majority thereof," to grant reprieves and commutations of punishment and pardons.[3] However, "parole" means "the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." TEX. GOVT. CODE ANN. § 508.001(6) (Vernon 2004). A "reprieve" is a "[t]emporary relief from or postponement of execution of criminal punishment or sentence."

---

[3] We have interpreted the allegations in Rhodes's petition for declaratory judgment liberally in the interest of justice.

BLACK'S LAW DICTIONARY 1302 (6th ed. 1990). It does no more than stay the execution of a sentence for a time, and it is ordinarily an act of clemency extended to a prisoner to afford him an opportunity to procure some amelioration of the sentence imposed. *Id.* It differs from a commutation, which is a reduction of a sentence, and from a pardon, which is a permanent cancellation of a sentence. *Id.*; *see also* BLACK'S LAW DICTIONARY 280 (6th ed. 1990) (defining "commutation"). Neither parole nor mandatory supervision is a commutation of sentence or any other form of clemency. TEX. GOVT. CODE ANN. § 508.002 (Vernon 2004). As such, Rhodes's argument is without merit because article IV, section 11 makes no provision pertaining to the grant or revocation of parole. Consequently, section 508.0441 is not in conflict with article IV, section 11. Therefore, we hold that the trial court did not abuse its discretion in dismissing Rhodes's suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2), (b) (Vernon 2002); *Johnson*, 796 S.W.2d at 706–07. Rhodes's first and second issues are overruled.

## DISPOSITION

Having overruled Rhodes's first and second issues, we ***affirm*** the trial court's order of dismissal.



 SAM GRIFFITH 
Justice


Opinion delivered October 8, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*




(PUBLISH)




4