# NO. 12-08-00468-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JEFFERY BOONE,*<br>*APPELLANT* | § | *APPEAL FROM THE THIRD* |
| *V.*<br>*SHARON DIFFERENT AND*<br>*ANGELA DUGGER,* | § | *JUDICIAL DISTRICT COURT* |
| *APPELLEES* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Jeffery Boone, an inmate in the Texas Department of Criminal Justice-Institutional Division ("TDCJ"), proceeding pro se, filed an *in forma pauperis* suit against Sharon Different and Angela Dugger (collectively "Appellees"). In one issue, Boone appeals the trial court's order dismissing his suit pursuant to Texas Civil Practice and Remedies Code, chapter 14. We affirm.

## BACKGROUND

Boone is an inmate. While incarcerated, Boone filed a civil suit against Appellees alleging that they are liable in tort for their refusal to accept for filing written grievances by Boone made pursuant to Texas Government Code, section 501.008. Boone further alleged that, by their discriminatory refusals to accept his grievances, Appellees violated his First and Fourteenth Amendment rights under the United States Constitution. Boone also alleged that Appellees' refusals violated his rights pursuant to article I, sections 3 and 8 of the Texas Constitution. Boone alleged that such violations of his rights caused him to suffer mental and emotional distress. By his suit, Boone sought injunctive relief as well as the recovery of compensatory and punitive damages. In conjunction with his original petition, Boone filed an

unsworn declaration of administrative remedies concerning grievances he filed and the date he received the written decisions concerning such grievances.[1]

On September 5, 2008, without conducting a hearing, the trial court found that Boone's suit was frivolous or malicious and dismissed it. On September 22, 2008, Boone filed a motion to modify the trial court's judgment. This appeal followed.

## DISMISSAL PURSUANT TO TEXAS CIVIL PRACTICE AND REMEDIES CODE, CHAPTER 14

In his sole issue, Boone argues that the trial court improperly dismissed his suit pursuant to Texas Civil Practice and Remedies Code, chapter 14. We review the trial court's dismissal of an *in forma pauperis* suit under an abuse of discretion standard. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or principles. *Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no pet.). The trial courts are given broad discretion to determine whether a case should be dismissed because (1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an *in forma pauperis suit*; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants. *See Montana v. Patterson*, 894 S.W.2d 812, 814-15 (Tex. App.–Tyler 1994, no writ).

In the instant case, the trial court found in its order of dismissal that Boone's claim was frivolous or malicious. We will affirm a dismissal if it was proper under any legal theory. *See Johnson v. Lynaugh*, 796 S.W.2d 705, 706–07 (Tex. 1990); *Birdo v. Ament*, 814 S.W.2d 808, 810 (Tex. App.–Waco 1991, writ denied).

Chapter 14 of the Texas Civil Practice and Remedies Code controls suits brought by an inmate in which the inmate has filed an affidavit or unsworn declaration of inability to pay costs.[2] TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (Vernon 2002); *Hickson*, 926 S.W.2d at 398. A failure to fulfill the procedural requirements outlined in chapter 14 results in dismissal of

---

[1] The grievances listed in Boone's affidavit are those pertaining to the allegations he made in the instant suit as opposed to the grievances he alleges were improperly not accepted for filing by Appellees.

[2] Chapter 14 does not apply to suits brought under the Family Code. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(b) (Vernon 2002).

2

the inmate's action. *See **Lilly v. Northrep***, 100 S.W.3d 335, 336 (Tex. App.–San Antonio 2002, pet. denied). Under chapter 14, a court may dismiss an inmate's claim if it finds the claim to be frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (Vernon 2002). A claim is frivolous if it has no basis in law or fact. *See **id.***

Chapter 14 further provides as follows:

> (a) An inmate who files a claim that is subject to the grievance system established under Section 501.008, Government Code, shall file with the court:
>
>> (1) an affidavit or unsworn declaration stating the date that the grievance was filed and the date the written decision described by Section 501.008(d), Government Code, was received by the inmate; and
>>
>> (2) a copy of the written decision from the grievance system.
>
> (b) A court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system.

TEX. CIV. PRAC. & REM. CODE ANN. § 14.005 (Vernon 2002). In his unsworn declaration, Boone stated that he filed a step 1 grievance on September 15, 2007 and received the response to that grievance on November 1, 2007. Boone further declared that he filed a step 2 grievance on November 14, 2007 and received the response to that grievance on December 18, 2007. The file stamp on Boone's original petition indicates that it was filed on February 1, 2008.

A pro se inmate's claim under section 14.004 is deemed filed at the time the prison authorities duly receive the document to be mailed. *See **Warner v. Glass***¸ 135 S.W.3d 681, 684 (Tex. 2004). We have thoroughly reviewed the record, and nowhere in it is there any indication when prison authorities received Boone's pleadings to be mailed. Although Boone dated his original petition beneath his signature, Boone's original petition contains no reference to the date on which it was deposited in the TDCJ mail system. There is no declaration in any of Boone's pleadings concerning this critical date. Boone's motion to modify the trial court's judgment makes no reference to the date on which his original petition was received by prison authorities for mailing, nor does Boone make any argument concerning the timeliness of its filing. Finally, Boone's brief on appeal is silent concerning this date; Boone has made no argument to this court concerning the timeliness of filing his petition.

Section 14.005(b) clearly states that a trial court shall dismiss a claim if the inmate fails

to file it before the thirty-first day after the inmate receives the written decision from the grievance system. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b). The supreme court's decision in **Warner** contains a bright line rule concerning how such a filing date is determined. *See **Warner***, 135 S.W.3d at 684. Nonetheless, there is no record evidence, allegation, or argument on which we can rely that supports that Appellant timely filed his suit. We decline to hold that the date set forth beneath Appellant's signature on his original petition is evidence of when the petition was received by the prison mail system. At most, that date indicates when Appellant signed the pleading. Moreover, even assuming arguendo that Appellant somehow bypassed the prison mail system and sent his pleadings to the trial court directly by U.S. mail, his claim was not timely filed under the "mailbox rule" because it was not received within ten days of the filing deadline.[3] *See* TEX. R. CIV. P. 5.

In sum, the record contains no indication of the date on which Boone's petition was received by the prison mail system. Boone has made no argument to the trial court or this court concerning the timeliness of its filing. Boone's petition was file stamped February 1, 2008, which is more than ten days late. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b); TEX. R. CIV. P. 5. Accordingly, we hold that the trial court did not abuse its discretion when it dismissed Boone's suit. *Id.* Boone's sole issue overruled.

## DISPOSITION

Having overruled Boone's sole issue, we *affirm* the trial court's order dismissing Boone's suit.

**SAM GRIFFITH**
Justice

Opinion delivered January 29, 2010.
*Panel consisted of Worthen, C.J., Griffith, J, and Hoyle, J.*

(PUBLISH)

---

[3] No postmarked envelope was retained by the trial court from which we could determine a date of mailing.

4