# NO. 12-10-00236-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ANTHONY RAY FREEMAN,*<br>*APPELLANT* | § | *APPEAL FROM THE THIRD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *JOHN S. FRESHOUR AND*<br>*CAROLYN RANDLE,*<br>*APPELLEES* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Appellant Anthony Ray Freeman, proceeding pro se, appeals from the trial court's order dismissing his suit pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. On appeal, he raises two issues. We affirm.

### BACKGROUND

Anthony Ray Freeman, an inmate in the Texas Department of Criminal Justice-Institutional Division ("TDCJ"), filed a Step 1 grievance with TDCJ against two correctional officers, John S. Freshour and Carolyn Randle. In the grievance, Freeman alleged that Freshour and Randle confiscated his property. In November 2009, TDCJ responded to Freeman's Step 1 grievance. Freeman, unhappy with TDCJ's response, filed a Step 2 grievance. TDCJ responded to his Step 2 grievance on December 16, 2009.

On February 9, 2010, Freeman filed a pro se *in forma pauperis* civil suit against Freshour and Randle, alleging that both officers deprived him of his property without due process or just compensation in violation of the United States Constitution. Freeman attached an affidavit relating to previous filings and a notice of exhaustion of administrative filings to his suit. In the

1

notice of exhaustion of administrative filings, he stated that he did not receive TDCJ's response to his Step 2 grievance until January 11, 2010.

On April 27, 2010, without conducting a hearing, the trial court found that Freeman failed to file suit before the thirty-first day after receiving the written decision from the grievance system as required under Section 14.005 of the Texas Civil Practice and Remedies Code. Consequently, the trial court determined that Freeman's suit was frivolous or malicious, and dismissed his suit against Freshour and Randle without prejudice. This appeal followed.

## DISMISSAL OF FREEMAN'S SUIT

In his first issue, Freeman argues that the trial court abused its discretion in dismissing his suit.

### Standard of Review

We review the trial court's dismissal of an *in forma pauperis* suit under an abuse of discretion standard. **Hickson v. Moya**, 926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or principles. **Lentworth v. Trahan**, 981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no pet.). We will affirm a dismissal if it was proper under any legal theory. *See* **Johnson v. Lynaugh**, 796 S.W.2d 705, 706-07 (Tex. 1990); **Birdo v. Ament**, 814 S.W.2d 808, 810 (Tex. App.–Waco 1991, writ denied). The trial courts are given broad discretion to determine whether a case should be dismissed because (1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an *in forma pauperis* suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrue to the benefit of state officials, courts, and meritorious claimants. *See* **Montana v. Patterson**, 894 S.W.2d 812, 814-15 (Tex. App.–Tyler 1994, no writ).

### Applicable Law

Chapter 14 of the Texas Civil Practice and Remedies Code controls suits brought by an inmate in which the inmate has filed an affidavit or unsworn declaration of inability to pay costs.[1] TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (Vernon 2002); **Hickson**, 926 S.W.2d at 398. The inmate must comply with the procedural requirements set forth in Chapter 14. *See*

---

[1] Chapter 14 does not apply to an action brought under the Texas Family Code. TEX. CIV. PRAC. & REM. CODE ANN. 14.002(b) (Vernon 2002).

TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002(a), 14.004, 14.005 (Vernon 2002). Failure to fulfill those procedural requirements will result in the dismissal of an inmate's suit. *See id.* § 14.003 (Vernon 2002); **Brewer v. Simental**, 268 S.W.3d 763, 767 (Tex. App.–Waco 2008, no pet.) (citing **Bell v. Texas Dep't of Crim. Justice-Institutional Div.**, 962 S.W.2d 156, 158 (Tex. App.–Houston [14th Dist.] 1998, pet. denied)).

One of these procedural requirements is that, under Section 14.004, an inmate who files an affidavit or unsworn declaration of inability to pay costs shall file a separate affidavit or declaration

(1) identifying each suit, other than a suit under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the suit was brought; and

(2) describing each suit that was previously brought by:

(A) stating the operative facts for which relief was sought;

(B) listing the case name, cause number, and the court in which the suit was brought;

(C) identifying each party named in the suit;

(D) and stating the result of the suit, including whether the suit was dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or otherwise.

TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a).

The inmate must always include a sufficient description of the operative facts of prior suits, because that is the only way in which a court may evaluate whether the prior suit is substantially similar to the present suit. *See* **Bell**, 962 S.W.2d at 158; **Clark v. Unit**, 23 S.W.3d 420, 422 (Tex. App.–Houston [1st Dist.] 2000, pet. denied) (stating that although appellant "did list previous filings, he did not state the operative facts for which relief was sought in those suits[, and] [w]ithout this information, the trial court was unable to consider whether [appellant's] current claim is substantially similar to a previous claim"). The inmate's failure to sufficiently describe the operative facts of his past suits in his affidavit entitles the trial court to presume that the instant suit is substantially similar to one previously filed by the inmate, and therefore, frivolous. *See* **Bell**, 962 S.W.2d at 158. Accordingly, a trial court may dismiss an indigent inmate's suit as frivolous or malicious when an inmate fails to comply with the statutory requirements of Section 14.004. *See id*.

3

**Discussion**

Here, Freeman filed an affidavit related to previous filings, stating that he has filed at least four previous civil actions. He failed, however, to provide all of the required information regarding these previous filings. Specifically, Freeman failed to provide the operative facts for which relief was sought, the case names, the cause numbers, and the parties named in the suits. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a)(2). An inmate's duty pursuant to Section 14.004 requires full disclosure of all previous cases. *See id*. By providing only limited information regarding his previous suits, Freeman failed to comply with the requirements of Section 14.004. *See id*. Therefore, the trial court was entitled to presume that the instant suit is substantially similar to the prior filings that Freeman failed to sufficiently describe. *See Clark*, 23 S.W.3d at 422; *Bell*, 962 S.W.2d at 158. Accordingly, we overrule Freeman's first issue.

Because we have determined that the trial court could have properly dismissed Freeman's suit for failing to comply with the requirements of Section 14.004, we need not address his second issue in which he contends that Section 14.005 is unconstitutional as applied to him. *See* TEX. R. APP. P. 47.1.

**DISPOSITION**

Having overruled Freeman's first issue, we ***affirm*** the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered August 10, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

4