NO. 12-10-00236-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

ANTHONY RAY FREEMAN,                     §                      APPEAL
FROM THE THIRD

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT

 

JOHN S. FRESHOUR AND

CAROLYN RANDLE,

APPELLEES                                                 §                      ANDERSON
COUNTY, TEXAS







MEMORANDUM
OPINION

Appellant
Anthony Ray Freeman, proceeding pro se, appeals from the trial court’s order dismissing
his suit pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. 
On appeal, he raises two issues.  We affirm.

 

Background

Anthony
Ray Freeman, an inmate in the Texas Department of Criminal
Justice-Institutional Division (“TDCJ”), filed a Step 1 grievance with TDCJ
against two correctional officers, John S. Freshour and Carolyn Randle. In the
grievance, Freeman alleged that Freshour and Randle confiscated his property. 
In November 2009, TDCJ responded to Freeman’s Step 1 grievance.  Freeman,
unhappy with TDCJ’s response, filed a Step 2 grievance. TDCJ responded to his
Step 2 grievance on December 16, 2009. 

On
February 9, 2010, Freeman filed a pro se in forma pauperis civil suit against
Freshour and Randle, alleging that both officers deprived him of his property
without due process or just compensation in violation of the United States
Constitution. Freeman attached an affidavit relating to previous filings and a notice
of exhaustion of administrative filings to his suit. In the notice of
exhaustion of administrative filings, he stated that he did not receive TDCJ’s
response to his Step 2 grievance until January 11, 2010. 

On
April 27, 2010, without conducting a hearing, the trial court found that
Freeman failed to file suit before the thirty-first day after receiving the
written decision from the grievance system as required under Section 14.005 of
the Texas Civil Practice and Remedies Code.  Consequently, the trial court
determined that Freeman’s suit was frivolous or malicious, and dismissed his
suit against Freshour and Randle without prejudice.  This appeal followed. 

 

Dismissal of Freeman’s Suit 

            In
his first issue, Freeman argues that the trial court abused its discretion in
dismissing his suit.

Standard
of Review

We
review the trial court’s dismissal of an in forma pauperis suit under an
abuse of discretion standard.  Hickson v. Moya, 926 S.W.2d 397,
398 (Tex. App.–Waco 1996, no writ).  A trial court abuses its discretion if it
acts arbitrarily, capriciously, and without reference to any guiding rules or
principles.  Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex. App.–Houston
[1st Dist.] 1998, no pet.).  We will affirm a dismissal if it was proper under
any legal theory. See  Johnson v. Lynaugh, 796 S.W.2d 705,
706-07 (Tex. 1990); Birdo v. Ament, 814 S.W.2d 808, 810 (Tex.
App.–Waco 1991, writ denied).  The trial courts are given broad discretion to
determine whether a case should be dismissed because (1) prisoners have a
strong incentive to litigate; (2) the government bears the cost of an in
forma pauperis suit; (3) sanctions are not effective; and (4) the dismissal
of unmeritorious claims accrue to the benefit of state officials, courts, and
meritorious claimants.  See Montana v. Patterson, 894
S.W.2d 812, 814-15 (Tex. App.–Tyler 1994, no writ).

Applicable
Law

Chapter
14 of the Texas Civil Practice and Remedies Code controls suits brought by an
inmate in which the inmate has filed an affidavit or unsworn declaration of
inability to pay costs.[1]  Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (Vernon
2002); Hickson, 926 S.W.2d at 398.  The inmate must comply with
the procedural requirements set forth in Chapter 14. See Tex. Civ. Prac. & Rem. Code Ann. §§
14.002(a), 14.004, 14.005 (Vernon 2002).  Failure to fulfill those procedural
requirements will result in the dismissal of an inmate’s suit.  See id.
§ 14.003 (Vernon 2002); Brewer v. Simental, 268 S.W.3d
763, 767 (Tex. App.–Waco 2008, no pet.) (citing Bell v. Texas Dep’t of
Crim. Justice-Institutional Div., 962 S.W.2d 156, 158 (Tex. App.–Houston
[14th Dist.] 1998, pet. denied)). 

One
of these procedural requirements is that, under Section 14.004, an inmate who
files an affidavit or unsworn declaration of inability to pay costs shall file
a separate affidavit or declaration

 

(1)    
identifying each suit, other than
a suit under the Family Code, previously brought by the person and in which the
person was not represented by an attorney, without regard to whether the person
was an inmate at the time the suit was brought; and

 

(2)    
describing each suit that was
previously brought by:

 

(A)   
stating the operative facts for
which relief was sought;

 

(B)   
listing the case name, cause
number, and the court in which the suit was brought;

 

(C)   
identifying each party named in
the suit;

 

(D)   
and stating the result of the suit,
including whether the suit was dismissed as frivolous or malicious under
Section 13.001 or Section 14.003 or otherwise.

 

 

Tex. Civ. Prac. & Rem. Code Ann. §
14.004(a). 

The
inmate must always include a sufficient description of the operative facts of
prior suits, because that is the only way in which a court may evaluate whether
the prior suit is substantially similar to the present suit.  See Bell,
962 S.W.2d at 158; Clark v. Unit, 23 S.W.3d 420, 422 (Tex. App.–Houston
[1st Dist.] 2000, pet. denied) (stating that although appellant “did list
previous filings, he did not state the operative facts for which relief was
sought in those suits[, and] [w]ithout this information, the trial court was
unable to consider whether [appellant's] current claim is substantially similar
to a previous claim”). The inmate's failure to sufficiently describe the
operative facts of his past suits in his affidavit entitles the trial court to
presume that the instant suit is substantially similar to one previously filed
by the inmate, and therefore, frivolous.  See Bell, 962
S.W.2d at 158. Accordingly, a trial court may dismiss an indigent inmate's suit
as frivolous or malicious when an inmate fails to comply with the statutory
requirements of Section 14.004. See id.

Discussion

            Here,
Freeman filed an affidavit related to previous filings, stating that he has
filed at least four previous civil actions.  He failed, however, to provide all
of the required information regarding these previous filings. Specifically, Freeman
failed to provide the operative facts for which relief was sought, the case
names, the cause numbers, and the parties named in the suits. See Tex. Civ. Prac. & Rem. Code Ann. §
14.004(a)(2).  An inmate’s duty pursuant to Section 14.004 requires full
disclosure of all previous cases.  See id.  By providing only limited
information regarding his previous suits, Freeman failed to comply with the
requirements of Section 14.004.  See id.  Therefore, the trial
court was entitled to presume that the instant suit is substantially similar to
the prior filings that Freeman failed to sufficiently describe.  See Clark,
23 S.W.3d at 422; Bell, 962 S.W.2d at 158. Accordingly, we
overrule Freeman’s first issue.

            Because
we have determined that the trial court could have properly dismissed Freeman’s
suit for failing to comply with the requirements of Section 14.004, we need not
address his second issue in which he contends that Section 14.005 is
unconstitutional as applied to him.  See Tex. R. App. P. 47.1. 

 

Disposition

            Having
overruled Freeman’s first issue, we affirm the judgment of the
trial court.

 

                                                                                    Brian Hoyle

                                                                                       
   Justice

 

 

 

Opinion delivered August 10, 2011.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

(PUBLISH)









[1] Chapter 14 does not apply to an
action brought under the Texas Family Code.  Tex.
Civ. Prac. & Rem. Code Ann. 14.002(b) (Vernon 2002).