# NO. 12-12-00234-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROBERT C. MORRIS,*<br>*APPELLANT* | § | *APPEAL FROM THE THIRD* |
| *V.* | | |
| *ELIZABETH CROSS, SHERRI MILLIGAN,*<br>*JOHN BECRAFT, BRYAN GORDY,*<br>*CHRISTY HOISINGTON AND*<br>*CHERYL LAWSON* | § | *JUDICIAL DISTRICT COURT* |
| *APPELLEES* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Robert C. Morris appeals from the trial court's dismissal of his civil suit against Elizabeth Cross, Sherri Milligan, John Becraft, Bryan Gordy, Christy Hoisington, and Cheryl Lawson. The dismissal was rendered pursuant to Chapter Fourteen of the Texas Civil Practice and Remedies Code. Morris raises two issues on appeal. We affirm.

## BACKGROUND

Morris, an inmate, claims that, on January 14, 2010, several individuals harassed him in retaliation for a civil lawsuit that he filed. A few days later, Morris filed a Step 1 Offender Grievance Form with the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID). According to Morris's grievance, Milligan and Cross, with the assistance of Becraft, confiscated Morris's legal documents and some other personal property. In response to his grievance, TDCJ-CID informed Morris that proper procedures were followed and he was not harassed.

Dissatisfied with the response, Morris filed his Step 2 Offender Grievance Form with TDCJ-CID. On March 19, 2010, TDCJ-CID responded to his Step 2 grievance that he was properly advised at Step 1 and no further action was necessary. According to Morris's Declaration of

Exhaustion of Administrative Remedies, Morris received TDCJ-CID's response to his Step 2 grievance on March 31, 2010.

On May 29, 2012, Morris brought a pro se *in forma pauperis* suit pursuant to Chapter Fourteen of the Texas Civil Practice and Remedies Code. According to his petition, Morris claims that Milligan, Cross, and Becraft violated Morris's constitutional rights and several Texas laws by confiscating his legal documents and other personal property. Morris also alleges that Gordy, Hoisington, and Lawson failed to follow the proper procedures in processing his Step 1 and Step 2 grievances.

The trial court found Morris's claims to be "frivolous or malicious." Specifically, the trial court found the realistic chances of ultimate success of Morris's claims to be slight and that the waiver of governmental immunity does not apply to property damage, injury, or death "sustained by inmate." Accordingly, the trial court dismissed Morris's lawsuit. This appeal followed.

### DISMISSAL OF SUIT

In his first issue, Morris argues that the trial court abused its discretion when it dismissed his suit because his claims are not frivolous or malicious. In his second issue, Morris argues that the trial court abused its discretion when it found his claims "lack merit to succeed."

### Standard of Review

We review the trial court's dismissal of a suit filed under Chapter Fourteen under an abuse of discretion standard. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or principles. *Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no pet.). We will affirm a dismissal if it was proper under any legal theory. *See Johnson v. Lynaugh*, 796 S.W.2d 705, 706-07 (Tex. 1990); *Birdo v. Ament*, 814 S.W.2d 808, 810 (Tex. App.–Waco 1991, writ denied). The trial courts are given broad discretion to determine whether a case should be dismissed because (1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an *in forma pauperis* suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrue to the benefit of state officials, courts, and meritorious claimants. *See Montana v. Patterson*, 894 S.W.2d 812, 814-15 (Tex. App.–Tyler 1994, no writ).

2

## Chapter 14

Chapter Fourteen of the Texas Civil Practice and Remedies Code controls suits brought by an inmate when the inmate files an affidavit or unsworn declaration of inability to pay costs.[1] TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West Supp. 2012). The inmate must comply with the procedural requirements set forth in Chapter Fourteen. *Id*. §§ 14.002(a), 14.004, 14.005 (West 2002 & West Supp. 2012). If an inmate fails to file suit before the thirty-first day after the date the inmate receives the written decision from the grievance system, the trial court must dismiss the suit. *Id*. § 14.005(b) (West 2002).

Additionally, filing a claim that is frivolous will result in the dismissal of an inmate's suit. *See id*. To determine whether a claim is frivolous or malicious, among other potential factors, we consider whether the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or in fact. *Id*. § 14.003(b) (West 2002).

## Application

Morris admits that he received the written decision from the grievance system on March 31, 2010. However, he did not file suit in state court until May 29, 2012. Instead, he sought to amend his pending federal suit to include the new claims of harassment. Because Morris failed to file this suit before the thirty-first day after he received the written decision from the grievance system, the trial court was required to dismiss his suit. *Id*. § 14.005. Because the trial court's dismissal of Morris's suit was mandatory under applicable law, the trial court did not abuse its discretion in dismissing the suit. We overrule Morris's first and second issues.

### DISPOSITION

Having overruled Morris's first and second issues, we *affirm* the judgment of the trial court.

### BRIAN HOYLE
Justice

Opinion delivered June 19, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

---

[1] Chapter Fourteen does not apply to an action brought under the Texas Family Code. TEX. CIV. PRAC. & REM. CODE ANN. §14.002(b) (West Supp. 2012).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 19, 2013**

**NO. 12-12-00234-CV**

**ROBERT C. MORRIS,**
Appellant
V.
**ELIZABETH CROSS, SHERRI MILLIGAN, JOHN BECRAFT,**
**BRYAN GORDY, CHRISTY HOISINGTON, AND CHERYL LAWSON,**
Appellees

Appeal from the 3rd Judicial District Court
of Anderson County, Texas. (Tr.Ct.No. 3-41714

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

4