# NO. 12-12-00350-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOHN PAUL ROSS,*<br>*APPELLANT* | § | *APPEAL FROM THE THIRD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *TEXAS DEPARTMENT OF CRIMINAL*<br>*JUSTICE-INSTITUTIONAL DIVISION,*<br>*AND OMOWUNMI A. ABOSEDE,*<br>*APPELLEES* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

John Paul Ross appeals from the trial court's dismissal of his suit under Chapter Fourteen of the Texas Civil Practice and Remedies Code. He raises two issues on appeal. We affirm.

## BACKGROUND

Ross is an inmate in the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID). In March 2012, Omowunmi A. Abosede, an employee of TDCJ-CID, closed a cell door on Ross's right hand. Ross lost a portion of a finger as a result of the incident.

Ross filed a step one grievance with TDCJ-CID in which he complained of Abosede's conduct in closing the cell door. Ross listed the action requested to resolve his complaint as having the ingress and egress of inmates from their cells to be conducted with reasonable care to avoid foreseeable injuries. TDCJ-CID responded, "[Abosede] did not intentionally close a door on your hand. Appropriate medical measures were taken." Ross then filed a step two grievance. TDCJ-CID replied that Ross's complaint was addressed in response to his step one grievance and that no further action was warranted.

Dissatisfied with TDCJ-CID's response, Ross brought a pro se *in forma pauperis* suit as an indigent inmate. The trial court found that Ross's suit is governed by the procedural

requirements of Texas Civil Practice and Remedies Code Chapter Fourteen. The trial court also found Ross's suit frivolous or malicious, and accordingly rendered a judgment that Ross's suit was dismissed without prejudice. This appeal followed.

## DISMISSAL OF SUIT

In his first issue, Ross argues that the trial court erred and abused its discretion when it dismissed his suit because his claims have an arguable basis in law. In his second issue, Ross argues that the trial court erred and abused its discretion when it dismissed his suit because he stated a valid cause of action under 42 United States Code Section 1983.

### Standard of Review

We review the trial court's dismissal of an *in forma pauperis* suit under an abuse of discretion standard. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or principles. *Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no pet.). We will affirm a dismissal if it was proper under any legal theory. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706-07 (Tex. 1990); *Birdo v. Ament*, 814 S.W.2d 808, 810 (Tex. App.–Waco 1991, writ denied). The trial courts are given broad discretion to determine whether a case should be dismissed because (1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an *in forma pauperis* suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrue to the benefit of state officials, courts, and meritorious claimants. *See Montana v. Patterson*, 894 S.W.2d 812, 814-15 (Tex. App.–Tyler 1994, no writ).

### Chapter Fourteen

Chapter Fourteen of the Texas Civil Practice and Remedies Code controls suits brought by an inmate when the inmate filed an affidavit or unsworn declaration of inability to pay costs.[1] TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West 2002); *Hickson*, 926 S.W.2d at 398. The inmate must comply with the procedural requirements set forth in Chapter Fourteen. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002(a), 14.003-.006 (West 2002). Failure to fulfill those procedural requirements will result in the dismissal of an inmate's suit. *See id.* § 14.003 (West

---

[1] Chapter Fourteen does not apply to an action brought under the Texas Family Code. TEX. CIV. PRAC. & REM. CODE ANN. 14.002(b) (West 2002).

2002); ***Brewer v. Simental***, 268 S.W.3d 763, 766 (Tex. App.–Waco 2008, no pet.) (citing ***Bell v. Texas Dep't of Crim. Justice-Institutional Div.***, 962 S.W.2d 156, 158 (Tex. App.–Houston [14th Dist.] 1998, pet. denied)).

One such procedural requirement is filing an affidavit or unsworn declaration alleging poverty. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(1). The inmate must not file an affidavit or unsworn declaration that the inmate knows to be false. ***Id.*** § 14.003(a)(3). Additionally, filing a claim that is frivolous or malicious will result in the dismissal of an inmate's suit. *See **id.*** § 14.003(a)(2). To determine whether a claim is frivolous or malicious, among other potential factors, we consider whether the claim has no arguable basis in law or in fact. ***Id.*** § 14.003(b).

Another requirement is that the inmate must file a certified copy of his inmate's trust account statement with the trial court. ***Id.*** § 14.006(f). A trial court may dismiss a lawsuit that does not comply with Section 14.006(f). *See **Thompson v. Rodriguez***, 99 S.W.3d 328, 330 (Tex. App.—Texarkana 2003, no pet.). The statement must "reflect the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed." TEX. CIV. PRAC. & REM. CODE ANN. § 14.006(f). A statement that does not cover the appropriate time period is improper and may result in dismissal of the inmate's suit. *See **Geiger v. Williams***, No. 12-07-00198-CV, 2007 Tex. App. LEXIS 9662, 2007 WL 4328438, at *1 (Tex. App.—Tyler Dec. 12, 2007, pet. denied) (mem. op.) (holding inmate's attachment of trust account statement not covering appropriate period of time was valid basis to dismiss lawsuit).

## Discussion

Ross raised two claims in his petition. First, he raised a claim under the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2) (West 2011). Second, he raised a Section 1983 claim. *See* 42 U.S.C.A. § 1983 (West 2003).

Along with his petition, Ross filed an unsworn declaration of inability to pay costs. In his declaration, Ross stated that he is not permitted to earn or handle money, that he does not have any source of income, and that he does not have any money or any assets. Ross filed an inmate trust account statement reflecting that it was prepared on July 27, 2012, which is the earliest day he could have filed suit. The trial court clerk stamped that the documents were received and filed on August 2, 2012. However, the statement reflects that it included the balance on the first

day of each month from January 1, 2012, to June 1, 2012, and the earliest he could have filed suit was July 27, 2012, nearly two months later. Moreover, Ross's statement shows on its face that, contrary to his statement in his declaration that he had no income, he did have income. Specifically, Ross had deposits of $70.00 in February 2012, $95.00 in March 2012, and $40.00 in May 2012. The trial court dismissed Ross's suit on September 7, 2012.

After the court dismissed his suit, Ross filed another inmate trust account statement. This second statement covered April through September 2012. It showed that Ross had a balance of $47.65 in July 2012, the month that he mailed his petition to the court. It further showed that Ross had deposits of $50.00 in July 2012, and $50.00 in September 2012.

Based on Ross's false allegation in his declaration of poverty that he had no source of income, and also his second inmate trust account statement showing that he had funds in his account at the time suit was filed, the trial court could determine that Ross filed a declaration that he knew to be false. Therefore, the trial court was within its discretion to dismiss Ross's suit. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(3). Accordingly, we overrule Ross's first and second issues.

## DISPOSITION

Having overruled Ross's first and second issues, we ***affirm*** the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered July 10, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 10, 2013

NO. 12-12-00350-CV

**JOHN PAUL ROSS,**
Appellant
V.
**TEXAS DEPARTMENT OF CRIMINAL JUSTICE-
INSTITUTIONAL DIVISION, AND OMOWUNMI A. ABOSEDE,**
Appellees

Appeal from the 3rd Judicial District Court
of Anderson County, Texas. (Tr.Ct.No. 3-41749)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*